STATE of Missouri, Plaintiff-Respondent,

v.

Frank Joseph GUINAN, Defendant-Appellant.

No. 36948.

Missouri Court of Appeals, St. Louis District, Division Three.

June 22, 1976.

Motion for Rehearing or Transfer Denied July 9, 1976.

Crouppen, Walther & Zwibelman, Gael T. Infande, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., William M. Frain, Jr., Asst. Circuit Atty., St. Louis, for plaintiff-respondent.

KELLY, Judge.

Frank J. Guinan was convicted in the St. Louis Circuit Court by a jury of Robbery in the First Degree by Means of a Dangerous and Deadly Weapon, § 560.120 RSMo. 1969. He was also found by the trial court to be a Second Offender within the terms of § 556.-280 RSMo. 1969, and sentenced to the custody of the Missouri Department of Corrections for a term of forty years. He appealed that conviction to this court and the conviction was affirmed. *State v. Guinan,* Mo.App., 506 S.W.2d 490. On May 22, 1974, he filed a Motion to Vacate Judgment and Sentence in the Circuit Court for the City of St. Louis, Rule 27.26, attacking the judgment aforesaid on the grounds that he was denied effective assistance of counsel and that the trial court erred when it sustained his motion to withdraw a previously granted motion for psychiatric examination filed by his court-appointed Public Defender. Simultaneously, movant also filed a motion and affidavit to proceed as a pauper. This latter motion was sustained and counsel was appointed to represent the movant in this proceeding.

On January 24, 1975, an evidentiary hearing was conducted with reference to movant's Motion to Vacate Judgment and Sentence, and thereafter the trial court entered its judgment, including Findings of Fact and Conclusions of Law overruling movant's Motion to Vacate Judgment and Sentence. This appeal followed.

Appellant presents one point in this court, i. e. "The Court erred in overruling Movant's Motion to Vacate Sentence because it sustained the action of the trial court in allowing movant to withdraw his motion for appointment of a psychiatrist on a pro se basis. To allow movant to withdraw this motion was a denial of due process and a violation of Missouri law."[1]

At the evidentiary hearing—conducted by a judge other than the judge who presided over the trial, because movant-appellant had filed a motion to disqualify said trial judge, only one witness, appellant, was produced in support of the Motion and his testimony was directed at the failure of his court-appointed trial counsel to locate three witnesses he had told the counsel would have furnished him with an alibi for the night of the commission of the robbery.[2]

The State produced the court-appointed trial counsel who testified that while he had located two of the three witnesses neither would have supported appellant's alibi because they denied being with appellant on the night of the robbery. He was unable to locate the third witness despite efforts he made to find him.

---

1. This statement of the Point Relied On fails to meet the requirements of Rule 84.04(d); nevertheless, we shall dispose of the grounds it attempts to present.

2. The ground raised in the Motion to Vacate was stated thusly: (after alleging that the trial judge erred in permitting appellant to withdraw his motion for appointment of psychiatrist), "[i]t made his counsel become inadequate and ineffective. That is to say, counsel probably rightfully assumed that if movant would be allowed to withdraw and overrule his pretrial motions, that it would be (sic) futile and time consuming jesture (sic) for him to submit other motions. This action further prevented counsel from injecting a valid and probably effective defense to the charges he was being tried on."

At the conclusion of counsel's testimony the trial court referred to the court record in Cause No. 72–724—the charge on which appellant was convicted and the judgment he seeks to have vacated in this proceeding. The transcript before us, taken together with statements made by the counsel-witness in response to questions directed to him by the trial court reveal that there was no motion for a psychiatric examination to be found in the court file. In an effort to clarify this question, the witness testified that so far as he could recall he had filed one motion for all three cases then pending against the appellant. The court record contained an order of May 25, 1972, continuing the cause at appellant's request and committing him to Malcolm Bliss Mental Health Center for mental evaluation. On July 14, 1972, a record entry by another Circuit Judge changed the place of commitment from Malcolm Bliss Mental Health Center to Fulton State Hospital for mental examination and evaluation. On July 17, 1972, appellant filed, pro se, his Motion to Withdraw Petition for Psychiatric Examination wherein he alleged: that he was informed by his court-appointed counsel that a motion for psychiatric examination was filed pursuant to § 552.010 and that such plea was to be his defense; that upon being informed of this fact, he requested that all such proceedings interposing this defense be stopped or delayed; that he was never informed by counsel that his request had been carried out; that on July 14, 1972, he was called before the court for a hearing on the motion for appointment of a psychiatrist and, because he was misled or was unaware of the proceeding, he sat mute and raised no objections to the proceedings. He further alleged that he was told by his counsel to say nothing and that the court would set the motion aside; that, however, upon leaving the courtroom he was informed that the court had granted the order and a psychiatric examination would be conducted. He further alleged that he suffered from no mental disease or defect; that he did not request a defense under § 552.010 RSMo. 1969; that he has never in the past or present had any type of mental disease or defect to make a valid defense under the mental illness statute; that he did not at any time request a test under the statute; that he does not have any history of alcoholism or drug abuse, no mental abnormalities or any psychosis; that he does not and will not use the statute as a defense for the crimes charged; and that he was duped into a defense on that ground on the "poor judgment of appointed counsel." He requested the court to withdraw the order granting the motion and to set aside any proceedings under the statute. He also alleged that he would refuse to be removed by such court order and would use any means to avoid said court order and to be removed from the confines of the City Jail; and if so removed by force, that he would in no way speak of any of the alleged crimes with which he was charged but would stand mute to any questions posed by the doctors. He then requested that the order of July 14, 1972, be withdrawn and set aside and that a plea of not guilty be entered for him.

According to the Public Defender this motion was filed while he was out of town.

The court file further recites that on July 19, 1972, another attorney in the Public Defender's Office appeared on appellant's pro se motion, the order of July 14, 1972, was stayed until further order of court and was passed to July 25, 1972. At that time the appellant's argument in support of his pro se motion was heard and passed to August 2, 1972, at appellant's request, for further proceedings. There was no further record entry prior to trial with reference to the motion, but it was stipulated between counsel for the respective parties that an order was entered permitting the movant to withdraw the request for psychiatric examination.

On the basis of this evidence the trial court in its Finding of Facts found that identical issues had been raised on appeal of the judgment of the trial court in Cause No. 72–724 and decided adversely to the appellant because the appellate court held that the record before it on appeal "indicates no motion for psychiatric examination. Without any record to verify his allegations we

must rule against defendant on these two points." The trial court further found that the court file in the cause did not contain the original motion nor any other allegations by movant that he was in fact incompetent to stand trial. After finding that the record entries recited above, it declared its Conclusions of Law, i. e., that appellant had not raised nor had decided his motion to withdraw the order of July 14, 1972, prior to trial as required by Rule 27.26(c); that he had presented and had decided this same issue on direct appeal; and that after studying the transcript of the record on direct appeal and on the record on the Motion, concluded that appellant's history and actions before, during and after trial did not raise a bona fide doubt of his competency to stand trial.

We affirm.

Appellant's argument is that the trial court, by ordering a psychiatric examination pursuant to the provisions of § 552.020 RSMo. 1969, evidenced a bona fide doubt of the movant's ability to stand trial and that to thereafter allow the same movant, by a pro se motion, withdraw his motion for psychiatric examination without an evidentiary hearing and finding of competency, constituted a denial of due process and a violation of the applicable Missouri Law. As authority for this position he cites *Brizendine v. Swenson*, 302 F.Supp. 1011 (W.D. Mo.1969) and *Rand v. Swenson*, 365 F.Supp. 1294 (E.D. of Mo.1973).

This court in *Jones v. State*, Mo.App., 505 S.W.2d 96, 98[1] (1974) and *Boyer v. State*, Mo.App., 527 S.W.2d 432, 436[4] (1975) have rejected the holdings in Brizendine and Rand and held that "[t]he mere fact that a judge grants, on motion, a psychiatric examination, does not automatically establish that a *bona fide* doubt exists as to the defendant's competency to stand trial." (Emphasis supplied).

We conclude that on the basis of the record before it the trial court did not err in finding that there was no evidence to support a finding that there was a bona fide doubt of the movant's competency and ability to stand trial on the charge of robbery in the first degree by means of a dangerous and deadly weapon in Cause No. 72–724, and that the trial court in said cause did not err in sustaining movant's pro se motion to withdraw the Motion for Psychiatric Examination filed by the court-appointed Public Defender despite the fact the Motion for Psychiatric Examination had previously been sustained.

We affirm.

SIMEONE, P. J., and GUNN, J., concur.