**STATE of Missouri,
Plaintiff–Respondent,**

v.

**James Theodore LEAKE, Jr.,
Defendant–Appellant.**

**No. 11794.**

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 25, 1980.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for plaintiff–respondent.

Richard D. Bender, Sherwood, Honecker & Bender, Springfield, for defendant-appellant.

BILLINGS, Judge.

Defendant James Theodore Leake, Jr., was jury-tried and convicted of stealing without consent. The trial court found that defendant was a persistent offender under § 558.016 RSMo 1978 and set sentence at three years. He challenges the application of the Persistent Offender Act in this appeal. We affirm.

The amended information alleged prior convictions of defendant as follows:

"1. On or about the 9th day of March, 1977, defendant was convicted of the felony of stealing in the Circuit Court of Jasper County, MO, and

2. On or about the 15th day of September, 1978, defendant was convicted of the felonies of second degree burglary and stealing in the Circuit Court of Greene County, MO."

At the hearing conducted by the court on the applicability of the Persistent Offender Act, the state presented certified copies of sentence and judgment from the Circuit Court of Jasper County and the Circuit Court of Greene County. The Jasper County document recited defendant was found guilty by a jury on March 9, 1977, and that sentence was imposed and judgment entered on the jury's verdict on August 24, 1977. The Greene County conviction documents showed defendant entered pleas of guilty to burglary and stealing on September 15, 1978, and sentence was imposed and judgment entered on November 6, 1978. Over defendant's objection the state was permitted to amend the allegations charging he was a persistent offender by deleting March 9, 1977, and inserting August 24, 1977, as to the Jasper County conviction and deleting September 15, 1978, and inserting November 6, 1978, as to the Greene County conviction.

"Any information may be amended or substituted for an indictment at any time before verdict *or finding* if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." Rule 23.08, V.A.M.R.; *State v. Aldag*, 591 S.W.2d 733 (Mo.App.1979). (Emphasis added).

■ Invoking the Persistent Offender Act does not create a charge of any additional or different offense or crime. *State v. Newland*, 592 S.W.2d 495 (Mo.App.1979). The question here then is of alleged prejudice to defendant. "And the test of prejudice in this regard is whether a defense under the charge as originally made would be equally available after the amendment and whether defendant's evidence would be equally applicable after, as well as before, the amendment." *State v. Wilson*, 544 S.W.2d 859 (Mo.App.1976).

■ Here the amended information contained the persistent offender allegation before the verdict was rendered. The defendant thus had notice before the persistent offender hearing. The only amendment made at that hearing was to show the correct dates of the prior convictions. The original dates of March 9, 1977 and September 15, 1978 were the respective dates of the verdict and the guilty plea of the two previous felonies. The applicability of the defenses and evidence of the defendant was not affected. See also *State v. Tierney*, 584 S.W.2d 618 (Mo.App.1979). We find no error.

■ Defendant's second related point is that the state failed to prove that the defendant had been previously convicted of two felonies committed at different times and thus failed to establish that he was a persistent offender. The state's evidence of prior convictions showed that the defendant was convicted of felonious stealing on August 24, 1977 in Jasper County and his punishment assessed at six months in jail, and second degree burglary and stealing on November 6, 1978 in Greene County. Where, as in this case, the inference is clear that the previous crimes were committed at different times, the state should not be required to negative every possibility without some evidence by the defendant that the

crimes were committed at the same time. See e. g. *State v. Crowley*, 571 S.W.2d 460 (Mo.App.1978).

Defendant further claims that the same stealing could have been the basis for both convictions. However, § 541.070 RSMo 1969, which was in effect at the time of the prior convictions and relied upon by defendant, was a venue statute [see *State v. Bockman*, 344 Mo. 80, 124 S.W.2d 1205 (1939)] and clearly states that the trial may be held "in the county into which such stolen property was brought *in the same manner* as if such stealing or robbery had been committed in that county." (Emphasis added).

The judgment is affirmed.

All concur.