STATE of Missouri,
Plaintiff-Respondent,

v.

Richard Lee BRODERICK,
Defendant-Appellant.

No. 12194.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 8, 1981.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

W. Price Harned, Martin & Harned, Gainesville, for defendant-appellant.

PREWITT, Presiding Judge.

Defendant was convicted after a jury trial of stealing a motor vehicle, a class C felony, § 570.030.2(3)(a), RSMo 1978, and was sentenced to seven years imprisonment as a persistent offender, § 558.016, RSMo Supp.1980. He contends that the trial court erred: (1) when it denied his motion for a psychiatric examination prior to trial, and (2) when it "misconstrued" his plea of not guilty by reason of mental disease or defect as a lack of mental capacity to understand the nature of the proceedings and to assist in the defense.

On the morning that the matter was set for trial defendant filed two written pleadings, "NOTICE OF PURPOSE TO RELY ON DEFENSE OF NOT GUILTY BE-CAUSE OF MENTAL DISEASE OR DE-FECT" and "MOTION FOR PSYCHIAT-RIC EXAMINATION." Defendant had entered a general plea of not guilty forty days before. The trial court allowed the filing of the notice pleading not guilty by reason of mental disease or defect excluding responsibility but after hearing refused to order a psychiatric examination.

We first consider defendant's contention that the court erred when it denied his motion for a psychiatric examination prior to trial. As defendant did not give any reason for the late filing of the notice, it would not have been error if the court had refused to allow the notice to be effec-tive and had excluded all testimony regarding defendant's mental condition. See State v. Holmes, 439 S.W.2d 518, 520–521 (Mo.1969); State v. Fulsom, 557 S.W.2d 671, 674 (Mo.App.1977). See also State v. McIntosh, 492 S.W.2d 843, 844 (Mo.1973); State v. Crowley, 571 S.W.2d 460, 462 (Mo.App. 1978). However, once the court allowed the late filing, defendant contends that it became mandatory for the court to order a psychiatric examination.

Section 552.030.4, RSMo 1978, provides that when the defendant has pleaded mental disease or defect excluding responsibility and the defense has not been accepted by the state, the judge "shall, after notice and upon motion" appoint a private physician or direct the superintendent of the department of mental health to have defendant examined. Defendant's motion did not state whether it was for a psychiatric examination under § 552.030.4 or under § 552.020, RSMo 1978, or both. The entire body of the motion was as follows:

> "Comes now defendant, Richard Lee Broderick, and moves this Court to appoint one or more private physicians to make a psychiatric examination of the defendant or to direct the superintendent of a facility of the Missouri Division of Mental Diseases to have the defendant so examined by one or more physicians whom the superintendent shall designate."

The trial judge apparently considered this motion as a request under § 552.020 for an examination to determine if defendant had the mental capacity to proceed to trial. He inquired of defendant's counsel whether defendant wished to have an evidentiary hearing on the motion before commencing the trial. When informed that he did, the judge said, "You may proceed on your motion for psychiatric examination as set out in Rule—or state statute 552.020, subsection 2: whenever any judge or magistrate has reasonable cause to believe that the accused has a mental disease or defect excluding fitness to proceed, etcetera." There was evidence presented on the motion which indicated that defendant was proceeding

under § 552.020. After defendant testified about his drinking and drug use, his counsel asked him, "Have you been able to assist myself, your court-appointed attorney, in investigating any of the incidents" on the date the alleged offense occurred. At the conclusion of the hearing the trial court denied the motion, finding that defendant "does have the capacity to understand the proceedings against him and is able to assist in his own defense for purposes of this trial this date."

 It appears that the judge made clear his interpretation of the purpose of the examination sought by the motion. Although defendant and his counsel had an opportunity to correct the judge, the record does not clearly establish that they did so. There is no clear showing in the record that defendant was bringing the motion under § 552.030.4. A motion is necessary before § 552.030.4 would require the court to order an examination. Even if we assume that such an order would have been mandatory here upon defendant's proper motion, the record is not clear that this was a motion presented under that section; therefore, the trial court was not required to order the examination. Point one is denied.

In his second point defendant contends that the court erred by misconstruing the plea of not guilty by reason of mental disease or defect as a claim of lack of mental capacity to understand the nature of the proceedings and to assist in the defense. We do not think the record supports that contention. It appears that defendant's defense of mental disease or defect excluding responsibility was understood by the judge as he indicated that such evidence would be allowed and there was evidence presented by defendant going to that issue. However, the trial court apparently did consider the motion as one that was related to mental capacity to proceed to trial. As set out in our discussion on defendant's first point, we do not think that the trial judge erred in doing so because the motion did not state its purpose or set forth which statutory section defendant was proceeding under, and although defendant and his counsel had

an opportunity to inform the judge if they thought he was incorrect in interpreting it, that was not done. Point two is denied.

The judgment is affirmed.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.