**STATE of Missouri,
Plaintiff-Respondent,**

v.

**David LEE, Defendant-Appellant.**

**No. 13092.**

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 13, 1983.

Motion for Rehearing or Transfer
Denied Nov. 21, 1983.

Application to Transfer Denied
Dec. 20, 1983.

Charles E. Buchanan, Larry Maples, Asst. Public Defenders, Joplin, for defendant-appellant.

John Ashcroft, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

MAUS, Presiding Judge.

The defendant was charged as a persistent offender with burglary in the first degree. The trial court found he was a persistent offender. A jury then found him guilty of the offense. The trial court fixed his punishment at imprisonment for 25 years. The defendant does not question the sufficiency of the evidence. The record presents overwhelming proof of his guilt. On appeal he contends two reversible errors were committed in the prosecution of the charge against him.

His first point is that the state did not introduce sufficient evidence to warrant a finding beyond a reasonable doubt that he had been convicted of two felonies *committed at different times* as required by §§ 558.016 and 558.021. (Emphasis added). To meet its burden, the state presented certified copies of two judgments of the Circuit Court of Willis County, Illinois. These copies were marked as exhibits, presented to the court and offered in evidence, but only inferentially admitted. The defendant makes no complaint of the absence of formal admission. The trial court found the defendant was convicted of burglary on June 27, 1979 and pled guilty to attempted burglary on July 27, 1979 in said circuit court.

The state argues it met its burden "because there was a prima facie showing by the state that appellant had two prior felony convictions, and since appellant offered no evidence to rebut this showing." It has been sagaciously observed, "[w]here, as in this case, the inference is clear that the

previous crimes were committed at different times, the state should not be required to negative every possibility without some evidence by the defendant that the crimes were committed at the same time." *State v. Leake,* 608 S.W.2d 564, 565–566 (Mo.App. 1980). The state contends this quotation supports its argument. However, the principle from *Leake* must not be taken out of context. It is not to be applied to hold the state has met its burden by the proof of any two prior felony convictions. It is applicable where the record, by reason of dates, geography and the nature of the offenses, in the absence of contrary evidence, supports a finding beyond a reasonable doubt the two offenses occurred at different times. It has been so applied in *State v. Daniels,* 655 S.W.2d 106 (Mo.App.1983); *State v. Thornton,* 651 S.W.2d 164 (Mo.App. 1983); *State v. Cullen,* 646 S.W.2d 850 (Mo. App.1982); *State v. Leake,* supra.

The state argues the principle is applicable in this case because it is constitutionally impermissible to convict of attempted burglary and burglary upon the basis of the same incident. It cites cases dealing with double jeopardy, such as *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980); *Blockburger v. United States,* 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Nevertheless, this court cannot conclude the principle so espoused provides proof beyond a reasonable doubt the two felonies recited in the record occurred at different times. For example, even assuming the constitutional rule was applicable, the Circuit Court of Willis County could have acted in error.

However, this deficiency in proof does not require a reversal. As noted, the evidence of the defendant's guilt was overwhelming. It has been declared:

Accordingly, as in *State v. Hill,* 371 S.W.2d 278 (Mo.1963) 'the sentence herein is declared void, the judgment is reversed and the cause remanded with directions to the court to cause the defendant to be brought before it to hold a hearing on the issue of former conviction of defendant and if proved to pronounce sentence and

judgment against defendant taking all proper procedural steps required therefor by law and the rules of this court but in the alternative if the issue of former conviction be found in favor of defendant to grant him a new trial on all issues.' *State v. Harris,* 547 S.W.2d 473, 476 (Mo. banc 1977).

That procedure is particularly appropriate under the present statutes and the facts of this case and is adopted. The sentence is declared void and the judgment is reversed.

The defendant's second point is that the court erroneously overruled the defendant's motion for a continuance to permit the filing of a written report of a mental examination previously ordered under the provisions of § 552.020. That point has the following factual background. On November 22, 1982, the court sustained the defendant's motion under § 552.020 for a mental examination to determine his competency to stand trial. Trial was set for December 2, 1982. The report of the examination was not filed by that date. The trial was continued to December 7, 1982. Between the two dates the prosecuting attorney and the public defender talked with the examining physician. They were orally, summarily advised the defendant was competent to stand trial and had no mental disease or defect. Nevertheless, on December 7, 1982, the public defender sought a continuance because the report had not yet been filed. He stated that he did not doubt the competency of the defendant to stand trial, but needed the report to determine whether or not to enter a plea of not guilty by reason of mental disease or defect. Based upon his observation of the defendant and the oral reports, the trial court found the defendant competent to proceed and overruled the motion.

On appeal the defendant continues to argue the action of the trial court was improper because he could not determine whether or not to enter a plea of not guilty by reason of mental disease or defect. He also contends he was prejudiced because he could not contest the written report of the previously ordered mental examination as provided in § 552.020.5. The state counters

that the defendant cannot complain because he did not plead not guilty by reason of mental disease or defect. To support that argument it cites the following:

A motion for a mental examination, under the provisions of the statute is insufficient to give rise to a mandatory duty of the court to order a mental examination to procure evidence of mental disease or defect excluding responsibility unless it is preceded by a plea of that matter or by a written notice of purpose to reply on such defense. *State v. Sears,* 501 S.W.2d 491, 493 (Mo.App.1973).

■ Each party misconceives the relationship of a mental examination under § 552.020, to such an examination and plea of not guilty under § 552.030. It is true a report under § 552.020 is to contain a finding in respect to whether or not the accused had a mental disease or defect excluding responsibility. However, the two facets of mental competency are distinct. The relationship between the two examinations is clearly expressed in *State v. Strubberg,* 616 S.W.2d 809 (Mo.banc 1981). Also see *State v. Pennington,* 618 S.W.2d 614 (Mo.1981). The fact an examination has been ordered under § 552.020 does not automatically establish a bona fide doubt of the defendant's competency to stand trial. *Mikel v. State,* 550 S.W.2d 863 (Mo.App.1977); *State v. Guinan,* 538 S.W.2d 899 (Mo.App.1976). Nor does that fact require a court to sua sponte hold a hearing to determine such competency. *Davis v. State,* 517 S.W.2d 97 (Mo.1974); *Jones v. State,* 505 S.W.2d 96 (Mo.App.1974). Further, a plea of not guilty by reason of mental disease or defect does not per se demand a hearing to determine competency to stand trial. *State v. Broderick,* 625 S.W.2d 912 (Mo.App.1981). The absence of a report of the mental examination under § 552.020 did not relieve the defendant from the necessity of entering an appropriate plea to be entitled to rely upon the defense of mental disease or defect.

■ However, the terms of the statute are clear. "Within five days after the filing of the report ... the accused ... upon

written request ... shall be entitled to an order" granting him an examination by a physician of his own choosing, at his own expense. § 552.020.5. Had the defendant, after the filing of the report, filed a timely request or contest thereof, a hearing to determine his competency to stand trial was mandatory. § 552.020.7; *State v. Carroll,* 543 S.W.2d 48 (Mo.App.1976). Failure to accord a defendant the right to that hearing is error. Although, such failure is not necessarily prejudicial error demanding a new trial. *State v. Carroll,* supra.

■ In one sense, the issue of competency to stand trial cannot be waived by going to trial. *State v. Crews,* 607 S.W.2d 729 (Mo.App.1980), affirmed after remand, 619 S.W.2d 76 (Mo.1981). However, "the rights available under § 552.020 are personal to the accused who may waive them." *State v. Anderson,* 493 S.W.2d 681, 684 (Mo.App. 1973). Obviously, such a waiver may be established by the informed personal express waiver of the accused. *State v. Anderson,* supra. Also see *State v. Stein,* 504 S.W.2d 1 (Mo.1974). The right to a mandatory competency hearing to proceed is likewise waived by failure to file a timely contest of the initial report. *Griggs v. State,* 479 S.W.2d 478 (Mo.1972); *State v. Crews,* supra.

In this case there are two factors indicative of the defendant's waiver of the filing of and right to contest the report of the mental examination under § 552.020. First, as noted, the public defender said he had no doubt of the defendant's competency to proceed. This is true even though counsel was speculating upon entering a defense of mental disease or defect. *State v. Holt,* 603 S.W.2d 698 (Mo.App.1980). Second, the report was filed after trial but before sentencing and the defendant did not thereafter, within five days, contest the same as he had a right to do. *Anderson v. State,* supra. However, the trial court did not consider the issue of waiver. The extent of the defendant's participation in these actions of counsel and his knowledge of his statutory rights is not clearly shown. As this case must be remanded for other purposes, it is not necessary for this court to decide that issue of waiver.

"Although the United States Supreme Court has recognized the hazards of retrospective competency hearings, there is no per se rule against such." *State v. Carroll,* supra, at 51. Without determining the same to be mandatory, the circumstances of this case are such that a post trial competency hearing would be appropriate and will safeguard the interests of the defendant. *State v. Carroll,* supra; *Harkins v. Wyrick,* 552 F.2d 1308 (8th Cir.1977).

Therefore, this cause is remanded for the following purposes. To permit the defendant, if he elects to do so, within ten days after a copy of this opinion is filed in the circuit court, to contest the previously filed report of the mental examination under § 552.020. The trial court shall, after said ten days, proceed as provided in § 552.020 for a determination of the defendant's capacity to understand the proceedings against him and to have assisted in his own defense as contemplated in that section. If the defendant is found not to have been and be mentally fit as contemplated by said section, his sentence and judgment shall remain vacated and further proceedings shall be had in accordance with the law. If he is found to have been and be mentally fit as aforesaid, the trial court shall then hold a hearing, as heretofore outlined, to determine if the defendant was a persistent offender as charged in the amended information. If he is not so found to be such a persistent offender, he shall be granted a new trial on all issues. If he is found to be such a persistent offender, the court shall pronounce sentence and judgment against the defendant taking all proper procedural steps required therefor by law and the rules. *State v. Hawkins,* 418 S.W.2d 921 (Mo.banc 1967).

HOGAN and PREWITT, JJ., concur.

### ON MOTION FOR REHEARING OR TRANSFER

PER CURIAM.

This court has directed that upon remand, the trial court may receive additional evi-

dence upon the issue of whether or not the defendant is a persistent offender. This procedure has been consistently approved by the Supreme Court of this state. *State v. Harris,* 547 S.W.2d 473 (Mo.banc 1977); *State v. Hawkins,* 418 S.W.2d 921 (Mo.banc 1967); *State v. Tettamble,* 450 S.W.2d 191 (Mo.1970); *State v. Garrett,* 416 S.W.2d 116 (Mo.1967); *State v. Deutschmann,* 392 S.W.2d 279 (Mo.1965). In permitting a second submission of second offender status to a jury under procedure then in force, that court has declared: "The Double Jeopardy Clause of the Fifth Amendment is written in terms of potential or risk of trial and conviction, *not punishment.*" *State v. Johnson,* 485 S.W.2d 106, 112 (Mo.1972). However, in his motion for rehearing or transfer, the defendant contends the procedure directed by this court is condemned by principles enunciated in *Bullington v. Missouri,* 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

*Bullington* involved the bifurcated trial procedure applicable to the trial on a charge of capital murder when the death penalty has not been waived. In that case, it was held that upon a retrial the Double Jeopardy Clause of the Fifth Amendment barred the state from seeking the death penalty when, upon the first trial, the verdict of the jury has been for life imprisonment without parole for 50 years.

■ This court is of the opinion the procedure directed upon remand is not barred by the Double Jeopardy Clause. That clause has been historically applied to the issue of guilt and not sentence. *United States v. DiFrancesco,* 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). "[A]t least since 1919, when *Stroud v. United States,* 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103 [(1919)] was decided, it has been settled that a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction." *North Carolina v. Pearce,* 395 U.S. 711, 720, 89 S.Ct. 2072, 2078, 23 L.Ed.2d 656 (1969). Only the due

process clause has been held to impose a limitation upon the sentence which may be fixed by a judge upon retrial. *North Carolina v. Pearce,* supra. Under the federal practice, the Double Jeopardy Clause does not bar a federal trial court from increasing an initially imposed sentence any time before the defendant starts to serve that sentence. *United States v. DiFrancesco,* supra. Nor, does that clause bar a federal circuit court of appeals from increasing a sentence initially imposed upon a "dangerous special offender" by the district court. *United States v. DiFrancesco,* supra. If the Double Jeopardy Clause does not in those instances bar an enhanced sentence imposed without a hearing, it is difficult to rationalize a bar to an enhanced sentence based upon a second hearing, dealing not with guilt but only the formal matter of a prior conviction.

To do so, so long as *U.S. v. Ball,* 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) and *North Carolina v. Pearce,* supra, state the law, it is necessary to say the statute defining burglary in the first degree defines two crimes: one committed by a persistent offender; the other committed by any other defendant. It would then follow that an acquittal, or the presentation of insufficient evidence to establish the first offense, would bar a second attempt to convict a defendant of that offense. The undesirable implications from such a rationale are endless.

*Bullington* is based upon factors clearly distinguishable from those applicable to a determination of persistent offender status by a judge. Some of those distinguishing factors are emphasized in that opinion. Obviously, in *Bullington* the second of the two jury hearings involved a determination concerning the imposition of the death penalty, a procedure often accorded special treatment. That determination was to be made by a jury, not a judge. The jury was given only two choices, not the flexible range of punishment afforded a judge under the persistent offender procedure. The second jury hearing could, and most likely would, involve a wide range of evidence. That

evidence would inexorably be intertwined with evidence of guilt or innocence. The second stage hearing in capital cases is in many respects comparable to a jury trial on guilt or innocence. By reason of the nature of the evidence to be considered and the limited choice given the jury, a verdict of life imprisonment can more readily be denominated an acquittal of the death penalty. Perhaps the importance of those distinguishing factors has been summarized in that opinion: "The 'embarrassment, expense and ordeal' and the 'anxiety and insecurity' faced by a defendant at the penalty phase of a Missouri capital murder trial surely are at least equivalent to that faced by any defendant at the guilt phase of a criminal trial." *Bullington*, 101 S.Ct. at 1861. In short, the death penalty second stage trial in a capital murder case bears no similarity to a determination of persistent offender status by a judge upon the basis of largely formal evidence.

Nevertheless, the reasoning in *Bullard v. Estelle*, 665 F.2d 1347 (5th Cir.1982), vacated — U.S. ——, 103 S.Ct. 776, 74 L.Ed.2d 987 (1983), is often cited to the contrary. That case involved the enhancement of punishment upon a determination of two prior convictions by a jury in a bifurcated criminal trial in Texas. The punishment involved was an automatic enhancement from a limited term of years to life imprisonment. Relying primarily upon *Bullington*, the court stated: "[T]he double jeopardy clause bars a second enhancement proceeding when the evidence at the first enhancement proceeding was insufficient to establish that the defendant committed one or more of the prior offenses necessary for enhancement, . . . ." *Bullard*, at 1349. Other authorities are cited in *State v. Cullen*, 646 S.W.2d 850 (Mo.App.1982).

A conclusion contrary to *Bullard* was reached in *Linam v. Griffin*, 685 F.2d 369 (10th Cir.1982). That conclusion is supported by the reasoning in *United States v. Busic*, 639 F.2d 940 (3rd Cir.1981). Also compare *Dixon v. State*, 437 N.E.2d 1318 (Ind.1982). In *State v. Cullen*, supra, the failure of proof of persistent offender status was held to be due to a trial error,

defective receipt of evidence, and not the insufficiency of the evidence. In those circumstances, the court held the Double Jeopardy Clause did not bar a second hearing upon the persistent offender issue.

A determination by the judge of whether or not the defendant is a persistent offender is a part of the sentencing procedure. The rehearing on that issue ordered in the principal opinion "should be governed by *DiFrancesco* rather than *Bullington*." *Linam*, at 376. In no sense of the word has the defendant been acquitted of an offense. "This is not the kind of adjudication that is referred to in the fifth amendment." *Linam*, at 376. Also see *United States v. Busic*, supra. In all events, this court is constrained to follow the procedure on this issue clearly mandated by the decisions of the Supreme Court of Missouri first cited above. The other arguments in the defendant's motion have been considered and found to provide no basis for rehearing or transfer. The motion is overruled.

All concur.