**STATE of Missouri, Respondent,**

v.

**David LEE, Appellant.**

No. 13636.

Missouri Court of Appeals, Southern District, Division Two.

Dec. 31, 1984.

David Robards, Joplin, for appellant.

John Ashcroft, Atty. Gen., T. Chad Farris, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Judge.

David Lee ("defendant"), found guilty by a jury of burglary in the first degree, alleged to have been committed on or about September 8, 1982, was sentenced as a persistent offender to 25 years' imprisonment. The persistent offender allegation was based on a June 27, 1979, conviction of

---

the class 2 felony of burglary in the Circuit Court of Will County, Illinois, and a July 27, 1979, conviction of the class 3 felony of attempted burglary in the same court.

Among defendant's assignments of error on appeal was a contention that the evidence regarding the two 1979 convictions was insufficient to warrant a finding beyond a reasonable doubt that the felonies whence those convictions arose were *committed* at different times. § 558.016.3, Laws 1981, p. 636; § 558.021.1(2), Laws 1981, p. 637. This court agreed, and in *State v. Lee*, 660 S.W.2d 394 (Mo.App. 1983), declared the sentence void and remanded the cause to the trial court with directions to hold a new hearing on the persistent offender issue.[1] *Id.* at 398.

The trial court complied, receiving evidence afresh on that issue. The State presented a "certified statement of conviction" as to each of the two Illinois cases, just as the State had done at the original hearing. For brevity, we hereafter refer to the certified statement regarding the burglary conviction as "Exhibit 4" and the certified statement regarding the attempted burglary conviction as "Exhibit 5," the respective designations of those documents in the trial court. In addition, the State presented a *certified copy of the bill of indictment* in each of those cases. We hereafter refer to the copy of the bill of indictment in the burglary case as "Exhibit 1" and the copy of the bill of indictment in the attempted burglary case as "Exhibit 2," the respective designations of those documents in the trial court. Exhibits 1 and 2 had not been presented at the original hearing.

Exhibit 1 alleged that the burglary was committed on or about January 30, 1979. Exhibit 2 alleged that the attempted burglary had occurred on or about February 26, 1979. Additionally, the alleged sites of the two offenses were different, as were

the alleged residents of the respective properties.

Defendant presented no evidence that either of the offenses was committed at any time or place other than as alleged.

The trial court found that the offenses were committed at different times, and entered a new judgment assessing the same sentence as before. Defendant appeals anew.

Defendant's first point:

"The trial court erred in finding the defendant to be a persistent offender as the exhibits purporting to establish the alleged prior convictions failed to comply with the statutory requirements so as to be admissible and without such exhibits the evidence was insufficient to support a finding that the defendant was a persistent offender beyond a reasonable doubt."

The point obviously contravenes Rule 30.06(d), Missouri Rules of Criminal Procedure (15th ed. 1984), as it nowhere states wherein and why the exhibits failed to comply with the "statutory requirements" for admissibility. The point neither identifies the statute or statutes on which the point is based, nor does it provide any hint as to which requirements were unfulfilled.

We have nonetheless examined the argument portion of the brief and have extracted therefrom what we perceive to be defendant's contention. Before stating it, however, we must describe the manner in which Exhibits 1, 2, 4 and 5 are certified.

Appended to each of the four exhibits is a one-page certificate composed of three sections. The certificates appended to Exhibits 4 and 5 are identical except that, as shown below, each certificate identifies the individual case number of the conviction to which it refers.

The first section of the certificates appended to Exhibits 4 and 5 states:

---

**1.** Other issues were to be resolved upon remand; however, those issues are not pertinent

to the present appeal.

"STATE OF ILLINOIS, )
                     ) ss.
COUNTY OF WILL     )
                         I, Sam H. Paul,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify the foregoing to be a true, perfect and complete copy of statement of conviction for David F. Lee, Case No. [pertinent number].
                Dated     November 10, 1982"

Beneath the date is a line on which the signature "Sam H. Paul" appears. Under that line are the printed words: "Clerk of the Circuit Court."

The next line is set up like this:

"By _____
(Deputy)"

On that line are handwritten initials appearing to be "IM" or "SM."

Also appearing in this section is an imprint of a seal: "Circuit Court, Will County, Illinois, Twelfth Judicial Circuit."

The second section of the certificates appended to Exhibits 4 and 5 states:

"STATE OF ILLINOIS, )
                     ) ss.
COUNTY OF WILL     )
                         I, Charles P.
Connor, Judge of the Circuit Court of said County, do hereby certify that Sam H. Paul, whose name is subscribed to the foregoing Certificate of Attestation, now is, and was at the time of signing and sealing the same, Clerk of the Circuit Court of Will County aforesaid, and keeper of the Records and Seal thereof, duly elected and qualified to office; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere; and that his said attestation is in due form of law, and by the proper officer."

Beneath this is a line on which an illegible signature appears. Under that line is the printed word: "Judge."

Also appearing in this section is an imprint of the seal described earlier.

The third section of the certificates appended to Exhibits 4 and 5 states:

"STATE OF ILLINOIS, )
                     ) ss.
COUNTY OF WILL     )
                         I, Sam H. Paul,
Clerk of the Circuit Court in and for said County, in the State aforesaid, do hereby certify that Charles P. Connor, whose genuine signature appears to the foregoing certificate, was at the time

of the signing the same, Judge of the Circuit Court of said County duly commissioned and qualified; that full faith and credit are and of right ought to be given to all his official acts as such in all Courts of Record and elsewhere.
                Dated     November 10, 1982"

Beneath the date is a line on which the signature "Sam H. Paul" appears. Under that line are the printed words: "Clerk of the Circuit Court."

The next line is set up like this:

"By _____
(Deputy)"

On that line are handwritten initials appearing to be "IM" or "SM."

Also appearing in this section is an imprint of the seal previously described.

The certificates appended to Exhibits 1 and 2 are identical to the certificates appended to Exhibits 4 and 5, with these exceptions: (1) the certificates appended to Exhibits 1 and 2 identify the respective bills of indictment rather than statements of conviction, (2) said certificates are dated October 24, 1983, in the first and third sections, (3) said certificates bear handwritten initials appearing to be "cb" or "ck" above the "Deputy" line in the first and third sections, (4) the name of the judge in the second section is Robert R. Buchar, and (5) a legible signature, "Robert R Buchar," appears on the "Judge" line in the second section.

Additionally, it is arguable, from visual inspection, that the signatures "Sam H. Paul" on the certificates appended to Exhibits 1 and 2 were not written by the same hand that penned the signatures "Sam H. Paul" on the certificates appended to Exhibits 4 and 5.

The argument portion of defendant's brief reveals that the statute on which he bases his first point is § 490.130, RSMo 1978, which provides, in pertinent part:

"The records and judicial proceedings of any court ... of any state, attested by the clerk thereof, with the seal of the court annexed, if there be a seal, and certified by the judge ... of the court to

be attested in due form, shall have such faith and credit given to them in this state as they would have at the place whence the said records come."

Defendant maintains that the signatures "Sam H. Paul" in the first and third sections of the certificates appended to Exhibits 4 and 5 were not in fact written by Sam H. Paul, but were instead written by "some unnamed person whose status is not shown on the certificates and whose initials may be IM." Defendant makes a similar complaint as to the signatures "Sam H. Paul" in the first and third sections of the certificates appended to Exhibits 1 and 2, insisting that those signatures were made by an unnamed person "whose initials may be CK."

Defendant asserts that inasmuch as Sam H. Paul is shown to be the Clerk of the Circuit Court of Will County, Illinois, and the certificates are not signed by him or by anyone who is shown to have authority to execute such certificates, said certificates are not in the form required by § 490.130, and therefore Exhibits 1, 2, 4 and 5 should not have been received in evidence. Absent those exhibits, says defendant, there was no evidence of the convictions on which the persistent offender allegation was based. Consequently, according to defendant, the judgment must be reversed and the cause remanded for retrial, with punishment to be assessed by the jury if there be a verdict of guilty.

The point is answered by *State v. Brown*, 476 S.W.2d 519, 522–23[2–4] (Mo. 1972), a prosecution under the second offender procedure, §§ 556.280–.290, RSMo 1969, repealed effective January 1, 1979, by Laws 1977, pp. 662–63. There, the accused attacked the proof of an Indiana conviction by asserting that the putative signatures of the clerk of the court on two certificates were "so obviously not executed by the same person as to destroy the presumption of regularity." *Id.* at 523. Rejecting the contention, the Supreme Court of Missouri pointed out that the questioned documents

bore the signature of the judge and the seal of the court, and that inasmuch as there was a presumption of genuineness of the clerk's signatures, the burden was upon the accused to rebut that presumption. The accused, however, produced no such evidence. *Id.*

Such are the circumstances in the case before us. The second sections of the certificates appended to Exhibits 1, 2, 4 and 5 bear the signature of a judge of the Circuit Court of Will County, Illinois, who certifies that "Sam H. Paul, *whose name is subscribed* to the foregoing Certificate of Attestation, now is, and was *at the time of signing* and sealing the same, Clerk of the Circuit Court of Will County aforesaid, and keeper of the Records and Seal thereof, duly elected and qualified to office." (Emphasis added.) The judge further certifies that the attestation of Sam H. Paul "is in due form of law, and *by the proper officer.*" (Emphasis added.)

At the persistent offender hearing, the trial court asked defendant if he had any evidence that the signatures of Sam H. Paul were not genuine. Defendant presented none. We find defendant's first point indistinguishable from *Brown*, which is binding on us. Mo. Const. art. V, § 2; *State v. Dunn*, 615 S.W.2d 543, 550[15] (Mo.App.1981). Defendant's first point is, accordingly, denied.

Defendant's second, and final, point is:

"The trial court erred in admitting into evidence State's Exhibits 1 and 2 as these exhibits had not been used at the first hearing on defendant's alleged prior convictions and the State was barred from introducing such additional evidence on that issue by the double jeopardy clause of the federal and state constitutions."

This contention was fully addressed in this Court's denial of defendant's alternative motion for rehearing or transfer to the Supreme Court of Missouri following the original opinion herein. *Lee*, 660 S.W.2d at

398–400. The issue was ruled adversely to defendant at that time, and his present brief cites no new authority indicating that ruling was wrong. Consequently, we adhere to that ruling and deny defendant's second point.

Although defendant heretofore requested oral argument, we have, in adjudicating his two points, determined that oral argument would not be beneficial. Accordingly, the request for oral argument is denied per our Special Rule 1(e), p. 457, Missouri Rules of Court (15th ed. 1984).

Judgment affirmed.

PREWITT, C.J., HOGAN, P.J., and MAUS, J., concur.