Arthur Roy KING, Movant-Appellant,

v.

STATE of Missouri, Defendant-Respondent.

No. 51143.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 21, 1986.

Motion for Rehearing and/or Transfer Denied Dec. 3, 1986.

Application to Transfer Denied Jan. 13, 1987.

Henry Robertson, Asst. Public Defender, St. Louis, for defendant-movant.

Lee A. Bonine, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

REINHARD, Judge.

Movant appeals the disposition of his Rule 27.26 motion which was sustained in part and denied in part. At the motion hearing, movant was resentenced to ten years' imprisonment. We affirm.

Movant was charged with second-degree burglary. The information was amended to charge him as a persistent offender, alleging he pleaded guilty to burglary offenses in 1975 and 1980. On January 18, 1984, movant entered a plea of guilty, the result of a plea agreement whereby the

state would recommend a ten-year sentence. When asked, "They have also plead that you are a prior and persistent offender. Is that correct, that you have a prior record,?" movant responded, "Yes, sir." The court requested a presentence investigation and set sentencing for February 24, 1984. On that date the court read from the presentence investigation report a series of offenses committed by movant. While looking at the report, he said "Six years for something that happened in January of '75, and then another six years for something that happened in February of '75, and then something that happened in '80 you received four years...." The court then sentenced movant to a term of ten years. However, the court made no finding that movant was a persistent offender.

Movant filed a Rule 27.26 motion requesting the court vacate his sentence and reopen the cause to allow the trial court to sentence him to a term of seven years or less, the maximum amount he could receive if he were not a persistent offender.

A hearing was held before the same judge who originally sentenced movant. The court sustained the motion in part and denied it in part. The court then permitted the state to present additional evidence on the persistent offender issue, and the court then made the requested persistent offender finding and resentenced movant to a ten-year term. On appeal, movant alleges that:

> The trial court erred by sentencing [movant] a second time to an extended term of imprisonment authorized for persistent offenders because double jeopardy prohibited use of the persistent offender procedure in that such a proceeding is conducted in a manner so similar to a trial on the issue of guilt or innocence that the double jeopardy clause applies, the state failed to prove [movant's] alleged status as a persistent offender at either the plea or the initial sentencing, and [movant] did not waive proof of the essential facts.

The trial court's action here is consistent with our opinion in *State v. Holt*, 660 S.W.2d 735 (Mo.App.1983). In *Holt*, the defendant had been convicted of second-degree burglary and stealing a firearm. The court sentenced him to consecutive 15–year terms. The court held no hearing on the persistent offender issue and thus made no finding of fact beyond a reasonable doubt that defendant was a persistent offender. We affirmed the conviction but reversed and remanded for resentencing to comply with the extended term procedures of § 558.021, RSMo 1978.

In *State v. Lee*, 660 S.W.2d 394 (Mo.App. 1983), the southern district, ruling on a motion to rehear or transfer, held that the double jeopardy clause does not bar a court on remand from receiving additional evidence on the issue of whether a defendant is a persistent offender. The court in *Lee* said a persistent offender determination by a judge is part of the sentencing procedure, *Id.* at 400, and a hearing on sentence enhancement deals "not with guilt but only the formal matter of a prior conviction." *Id.* at 399. A similar determination was made in *State v. Cullen*, 646 S.W.2d 850 (Mo.App.1982). In *Cullen*, the trial court had before it evidence of a 1973 conviction. When the prosecutor asked the court to take judicial notice of a 1979 conviction, the court responded that the record should "show that on the basis of the documents just received in evidence, the court does determine that there is evidence in existence constituting a basis for an extended term...." *Id.* at 855. However, the only documents in evidence were those pertaining to the 1973 conviction. The western district of the court of appeals said that the trial court's response was ambiguous because it was not clear what documentary evidence the court had before it. The court of appeals determined that a remand to take new or additional evidence was not barred by the double jeopardy clause of the fifth amendment. *Id.*

The *Cullen* court did not consider what the result would have been had there been *no* evidence before the court. The court said the issue was a question of "incorrect receipt of evidence" rather than insufficiency of evidence. *Id.* at 858. We note that

the *Lee* and *Cullen* courts had before them the same argument movant makes here that *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981), controls.

In the instant case, the court had before it the presentence investigation report which appears to indicate the offenses which form the basis for the state's persistent offender allegation. Thus, the court had before it *some* evidence, albeit incorrectly received.[1] What occurred here is similar to what occurred in *Cullen*, that is, the incorrect receipt of evidence rather than insufficiency of evidence. We therefore reject movant's double jeopardy claim.

Here, we need not remand because the trial court heard additional evidence after ruling on the Rule 27.26 motion and made the required finding. Movant's point does not attack the sufficiency of the evidence regarding persistent offender status which was presented following the court's Rule 27.26 motion ruling.

Judgment affirmed.

DOWD, P.J., and CRIST, J., concur.

---

1. Movant contends the report is "no more adequate proof than the docket sheet rejected" in *State v. Smith*, 665 S.W.2d 663 (Mo.App.1984). In *Smith*, the court held the docket sheet was insufficient because it did not identify the crime which constituted the prior felony. The transcript of the sentence proceedings here reveals similar infirmities.