**STATE of Missouri, Respondent,**

v.

**Robert L. KELLY, Appellant.**

No. 15348.

Missouri Court of Appeals,
Southern District,
Division One.

May 23, 1988.

Motion for Rehearing or Transfer to Supreme Court Denied June 10, 1988.

Application to Transfer Denied
July 26, 1988.

Susan L. Hogan, Columbia, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOLSTEIN, Judge.

This is defendant's second appeal, having most recently been adjudged guilty of sodomy as a "persistent sexual offender," as defined in § 558.018.2,[1] and sentenced to fifty years' imprisonment without parole, said sentence to be served consecutively to

---

1. Unless otherwise indicated, all references to statutes are to RSMo, 1986.

a thirty year term for kidnapping imposed in the same case.

Defendant questions the propriety of the determination that he is a persistent sexual offender, because of the finding at a hearing prior to his aborted first trial that he was not a persistent sexual offender and because this court previously held, following his second trial, that the evidence in the second trial was insufficient to establish he was a persistent sexual offender. See *State v. Kelly*, 728 S.W.2d 642, 648 (Mo. App.1987). He claims the trial court's findings on the second and third occasion that he was a persistent sexual offender violate the constitutional prohibition against double jeopardy. The same claim was made in the first appeal and rejected.

Defendant suggests this court abandon its earlier opinion because of a determination in a recent federal case. Since defendant's first appeal, *Nelson v. Lockhart*, 828 F.2d 446 (8th Cir.1987) has been decided, drawing on principles enunciated in *Bullington v. Missouri*, 451 U.S. 430, 101 S.Ct. 1852, 68 L.Ed.2d 270 (1981).

The defendant in *Nelson* was convicted and sentenced by a jury under Arkansas' Habitual Offender Act. Ark.Stat.Ann. § 41–1001(2)(c) (Repl.1977). *Nelson, supra*, at 447. The U.S. Circuit Court of Appeals for the Eighth Circuit concluded that because the State had failed to muster sufficient evidence of defendant's guilt as a habitual offender in the first proceeding, a second jury trial on the question was forbidden by the Double Jeopardy Clause. *Nelson, supra*, at 449.

With all due respect to the lower federal courts, Missouri courts are not ordinarily bound by decisions of the Eighth Circuit Court of Appeals. *Futrell v. State*, 667 S.W.2d 404, 407 (Mo. banc 1984). By constitution, our decisions are controlled by the most recent prior decisions of the United States Supreme Court and the Supreme Court of Missouri. *Rodgers v. Danforth*, 486 S.W.2d 258, 259 (Mo. banc 1972); *State v. Peters*, 731 S.W.2d 480, 483 (Mo.App. 1987); U.S. Const. art. VI; Mo. Const. art. V, § 2.

The controlling authority of the United States Supreme Court involving a claim of double jeopardy where the defendant was subjected twice to a non-jury, enhanced punishment proceeding is *United States v. DiFrancesco*, 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 (1980). There, the Supreme Court held that such an enhanced punishment proceeding did not have the qualities of constitutional finality that attend an acquittal and, therefore, a rehearing on the question of enhanced punishment did not offend the Double Jeopardy Clause. *DiFrancesco*, 449 U.S. at 134, 136, 101 S.Ct. at 435, 437.

In *Bullington*, the defendant was convicted of capital murder at his first trial, but the jury only assessed punishment at life imprisonment without probation or parole for fifty years. Because of error, a new trial was ordered. The State declared its intent to seek the death penalty prior to the retrial. *Bullington*, 451 U.S. at 436, 101 S.Ct. at 1856. The United States Supreme Court held that because the defendant was in effect acquitted of the aggravating conduct which justified the death penalty in the punishment phase of the first bifurcated capital murder trial, any attempt to seek the death penalty in the second trial ran afoul of the Double Jeopardy Clause. *Bullington*, 451 U.S. at 446, 101 S.Ct. at 1862.

*Bullington*, decided five months after *DiFrancesco*, did not overrule the earlier case but distinguished the enhanced punishment proceeding where a judge has broad latitude in assessing punishment, from the comparatively narrow factual questions submitted to a jury during the punishment phase of a bifurcated capital murder trial. *Bullington*, 451 U.S. at 440, 101 S.Ct. at 1858. The same distinction may be drawn between Missouri's enhanced punishment proceeding in which significant discretion is exercised by the judge in assessing punishment and Arkansas' procedure where the factual questions necessary to support the finding that a defendant is a habitual offender are submitted to a jury. Thus, the decision in *Nelson* is distinguishable from this case.

The most recent Missouri Supreme Court case is consistent with the reasoning and result in *DiFrancesco*. *State v. Johnson*, 485 S.W.2d 106, 112 (Mo.1972). In the post-*Bullington* era, all three districts of the Missouri Court of Appeals have followed *DiFrancesco*, while distinguishing *Bullington*, in holding that a retrial on the question of enhanced punishment did not violate the Double Jeopardy Clause. *King v. State*, 721 S.W.2d 97, 98 (Mo.App.1986); *State v. Lee*, 660 S.W.2d 394, 399 (Mo.App. 1983); *State v. Cullen*, 646 S.W.2d 850, 856–857 (Mo.App.1982).

*Nelson* is not controlling precedent and is factually distinguishable. Thus, *Nelson* provides no basis for retreat from the decision in the first appeal. "The second enhancement and sentencing proceeding does not constitute double jeopardy." *State v. Kelly, supra,* at 649. The judgment is affirmed.

CROW, C.J., and GREENE, P.J., concur.