STATE of Missouri, Respondent,

v.

Tommy PICKETT, Appellant.

Tommy PICKETT, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 64827, 67626.

Missouri Court of Appeals,
Eastern District,
Division Four.

June 25, 1996.

David C. Hemingway, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Fernando Bermudez, Asst. Atty. Gen, Jefferson City, for Respondent.

SIMON, Judge.

Appellant, Tommy Pickett, appeals from his conviction and sentences as a Class X offender, § 558.019 RSMo.1992 (all references shall be to RSMo.1992 unless otherwise indicated), of a life term for assault in the first degree, § 565.050, and a consecutive term of thirty years for burglary in the first degree, § 569.160, in the Circuit Court of the City of St. Louis.

On appeal, appellant contends that the trial court: (1) erred in overruling his *Batson* motion because the state's offered explanation for striking a black venireperson was pretextual; (2) clearly erred in sentencing appellant as a Class X offender because the state's evidence did not establish that all three prior convictions occurred at different times and places; and the motion court clearly erred in finding that his counsel was not ineffective for failing to object to appellant's sentence as a Class X offender.

At trial, the evidence revealed that on June 25, 1992, appellant assaulted victim and burglarized his home. At the time, victim was an eighty-four year old man, living alone in the City of St. Louis. Late in the day, after missing a dinner engagement with him, one of his friends became concerned. The following morning, the police were called by his friend and sent to victim's home and discovered him lying unconscious on the bed-

room floor. The house had been ransacked. Appellant's fingerprints were found on numerous surfaces in the house. Subsequently, appellant was arrested and confessed to the crime. Victim suffered permanent injuries from the attack and cannot live alone independently. A guardian has been appointed. At trial, victim had no recollection of the events in question.

At trial, appellant did not present any evidence. The jury returned guilty verdicts on both counts. The trial court, after finding appellant to be a Class X offender, sentenced him to life imprisonment for assault and a consecutive thirty year sentence for burglary. Appellant filed a Rule 29.15 motion, which the motion court denied after an evidentiary hearing. This consolidated appeal follows.

■ In his first point, appellant contends that the trial court clearly erred in overruling his *Batson* motion because the state's explanations for striking a black venireperson were pretextual.

After his *Batson* objection regarding the venireperson in question, the following exchange occurred:

[prosecutor] Michelle Evans, line 4.

THE COURT: The Court finds that she's a black female. Go ahead.

[prosecutor] The thing that I notice about her is that she more or less avoided eye contact with me throughout my voir dire. She responded to the general questions I recall for hand raising but responded to nothing else.

THE COURT: The Court finds that's sufficient non-racial basis for striking that juror.

After further *Batson* objections, appellant attempted to cite reasons why the prosecutor's reasons for striking the venireperson were pretextual, wherein the following exchange occurred:

[appellant] Judge, I do not agree with the reasons given by the prosecutor to remove the black jurors and the reasons are, I am requesting the Court—

THE COURT: I made specific findings on each juror stricken. I am not going to do no more.

[appellant] I need to state for the record.

THE COURT: Are you making a motion I quash the panel, that's denied. Now go make your strikes.

Appellant raised the denial of his *Batson* motion in his motion for new trial.

■ We recently discussed the procedure to be followed for a *Batson* challenge: (1) the defendant must raise the *Batson* challenge to one or more specific venirepersons struck by the state and identify the cognizable racial group to which such person belongs; (2) the state must then come forward with reasonably specific and clear race-neutral explanations for the strike; and (3) if the state provides such explanations, the defendant must then show that the state's proffered reasons for the strike were merely pretextual and the strikes were racially motivated. *State v. Dunn,* 906 S.W.2d 388, 391 (Mo.App. E.D.1995); *citing State v. Parker,* 836 S.W.2d 930, 939 (Mo. banc 1992). The trial court's determination that there was no purposeful discrimination is a finding of fact which should not be disturbed on appeal unless clearly erroneous. *Id.* at n. 7.

We recently addressed this issue in *State v. Phillips,* slip op. No. 63423, —— S.W.2d —— (Mo.App.E.D. April 30, 1996). In *Phillips,* we found error where the trial court denied defendant's *Batson* motion prior to allowing the defendant to make an offer of proof on the question of pretext. *Id.* at ——. We stated that "[d]enying a *Batson* motion without allowing [defendant] an opportunity to carry his burden of proving purposeful discrimination constitutes trial court error." *Id.; see also Parker,* 836 S.W.2d at 939; *State v. Antwine,* 743 S.W.2d 51, 66 (Mo. banc 1987); *Purkett v. Elem,* —— U.S. ——, ——–——, 115 S.Ct. 1769, 1770–71, 131 L.Ed.2d 834, 838–40 (1995).

Here, the trial court erred in refusing to allow appellant to challenge the state's explanations for the strike, as pretextual. When appellant requested to be heard on this issue, the trial court cut him off and stated that "it was going to do no more" and denied appel-

lant's *Batson* motion. Therefore, we must remand this case to the trial court for an evidentiary hearing on the issue and entry of an appropriate order. The trial court shall certify to this court a record of its proceedings and order.

■ In his second point, appellant contends that the trial court clearly erred in "upholding appellant's sentence as a Class X offender since the state's evidence did not establish that all 3 prior convictions upon which the state relied occurred at different times and places as required by Section 558.019."

However, the state contends that because its evidence showed that appellant pled guilty on three different dates, the state introduced sufficient evidence whereby the trial court could sentence him as a Class X offender.

During the trial, the state produced evidence that appellant pled guilty on three separate dates to three felonies, specifically: (1) first degree robbery on September 8, 1981, for which appellant served approximately ten years in the Missouri Department of Corrections; (2) first degree robbery on July 16, 1977; and (3) attempted first degree robbery and armed criminal action on July 18, 1977. The state did not produce any affirmative evidence regarding appellant's prior pleas and sentences.

The trial court found appellant qualified as a Class X offender pursuant to § 558.019 in that he had pled guilty to three felonies at different times and had served in excess of 120 days in the Missouri Department of Corrections.

The charges for which appellant was prosecuted in this case occurred on or about June 26, 1992. At that time, § 558.019.2(3) authorized judges to impose an enhanced minimum prison term equal to eighty percent of the defendant's sentence if the state proved beyond a reasonable doubt that defendant had been convicted of three previous felonies, committed at different times, plus proof that he had served at least 120 days in the Missouri Department of Corrections for at least one of such prior convictions. *State v. Williams*, 800 S.W.2d 118, 119 (Mo.App. E.D. 1990). The state had the burden of pleading and proving appellant's prior convictions fulfilled these criteria beyond a reasonable doubt. § 558.021.1(2).

■ With regards to the prior felonies, if "the inference is clear that the previous crimes were committed at different times, the state should not be required to negative every possibility without some evidence by the defendant that the crimes were committed at the same time." *State v. Leake*, 608 S.W.2d 564, 565[4] (Mo.App.1980). The Southern District found the inference to be clear that the crimes were committed at different times where the convictions for the previous crimes were obtained over a year apart and in separate counties. *Id.*

In *State v. Thornton*, 651 S.W.2d 164, 168 (Mo.App.1983), the Western District found that the inference that defendant's prior felonies occurred at different times was clear, where the dates of one conviction was during 1978 and the other in 1979. Further, the court stated that if the inference is established that the defendant's prior felonies occurred at different times, then "the defendant is required to come forward with evidence that they were, in fact, committed at the same time despite the disparity in sentencing dates." *Id.*

In *State v. Lee*, 660 S.W.2d 394, 396 (Mo. App.1983), the Southern District concluded that:

[T]he principle from *Leake* must not be taken out of context. It is not to be applied to hold that the state has met its burden by the proof of any two prior felony convictions. It is applicable where the record, by reason of dates, geography and the nature of the offenses, in the absence of contrary evidence, supports a finding beyond a reasonable doubt the two offenses occurred at different times. It has been so applied in *State v. Daniels*, 655 S.W.2d 106 (Mo.App.1983); *State v. Thornton, supra; State v. Cullen*, 646 S.W.2d 850 (Mo.App.1982); *State v. Leake, supra.*

In *Lee*, the inference was not clear that the defendant's prior felonies were committed at different times, where the defendant was convicted as a persistent offender based upon his previous convictions of burglary on June

27, 1979 and for attempted burglary on July 27, 1979. *Id.*

Here, where appellant pled guilty to first degree robbery on July 16, 1977, and attempted robbery and armed criminal action on July 18, 1977, in front of the same division on both dates, the inference that these crimes occurred at different times or in different places is not clear. Thus, the state failed to introduce sufficient evidence that the crimes occurred at different times and places beyond a reasonable doubt, merely based upon two pleas entered two days apart in the same division.

Therefore, if the trial court finds against appellant on the *Batson* issue on remand and this court upholds that decision, appellant's sentence is vacated and the cause is remanded for a new sentencing hearing with instructions to permit the state to present whatever evidence it has to establish appellant's status as a Class X offender. *Lee,* 660 S.W.2d at 398–400[8]; *see also State v. Cobb,* 875 S.W.2d 533[3–5] (Mo. banc 1994). If the evidence reveals that the previous offenses were committed at different times, appellant should be resentenced as a Class X offender; if not, he should be resentenced as required by law. *Williams,* 800 S.W.2d at 120.

As a result of our disposition of appellant's second point, we need not address his Rule 29.15 point.

The cause is remanded to the trial court for a *Batson* hearing consistent with this opinion.

CAUSE REMANDED WITH DIRECTIONS.

PUDLOWSKI, P.J., and HOFF, J., concurs.