STATE of Missouri, Plaintiff-Respondent,

v.

**Ernest G. CALLAHAN,
Defendant-Appellant.**

**No. KCD 27243.**

Missouri Court of Appeals,
Kansas City District.

July 7, 1975.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1975.

**60** ▪ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Douglas N. Merritt, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before WASSERSTROM, P. J., and SHANGLER and DIXON, JJ.

DIXON, Judge.

This is a direct appeal from a jury-rendered verdict of guilty of rape. Defendant was sentenced to thirty-five years imprisonment and now poses three complaints to this court. A brief recitation of the facts will suffice.

Defendant abducted his victim from a shopping center on the evening of September 2, 1973. He drove her in her own car to the countryside where she was forced to disrobe and submit to various sexual assaults. Upon completion, defendant forced the complaining witness to lie face down while he made his escape. The victim later arose, covered her nakedness with newspapers, and eventually found safety in a nearby home. She was muddy and emotionally disturbed, but gave a coherent account of the rape and told officers the assailant had her car.

The first claim of error faults the reading of hospital records, which contained a synopsis of a doctor's examination of the victim, without the aid of expert testimony to clarify the meaning of the report's technical terms. It is conceded the record was properly qualified under Section 490.680 RSMo 1969, V.A.M.S. (Business Records Act). Defendant argues that the language employed in it was both unintelligible and "ominous and damaging" *per se.*

▇▇▇ The effective qualification of a document under Section 490.680 RSMo 1969, V.A.M.S., does not insulate that record from other grounds of attack made upon "specific and legally proper objections." *Allen v. St. Louis Public Service Company,* 365 Mo. 677, 681, 285 S.W.2d 663, 666 (1956) and *State v. Foster,* 501 S.W.2d 33, 36 (Mo.1973). However, defendant objected to neither the specific terminology nor specific portions of the report. On the contrary, the objection was leveled in rather general fashion toward the whole of the hospital record. Such blanket objections are insufficient. *State v. Durham,* 418 S.W.2d 23, 31 (Mo.1967).

The defendant's brief makes no more precise attack on the report than his objection at trial. It constitutes a diffuse and generalized attack on the ruling of the trial court as "obfuscation" and "suggestion and innuendo." The portion of the report as read in evidence is a straight-forward account of a vaginal examination showing a laceration and nonmobile sperm, together with a history of a rape and visually discernible mud on the victim, all of which was corroborative of the victim's testimony.

The use of precise medical terminology to describe the vaginal parts does not obscure the plain meaning of the report, that the victim had sustained trauma in the vaginal area and sperm were present indicating intercourse had occurred.

■ Defendant claims error in sustaining the prosecution's objection to a question asked of an investigating officer regarding the amount of time required to transmit information from a police dispatcher to a patrol car. Although the brief now states a purpose for this line of inquiry, no offer of proof was made subsequent to sustaining of the objection, and the transcript discloses no apparent relevancy of the question. Defendant's question was about a collateral issue. Failure of offer of proof on a collateral issue defeats an assignment of error because, without the offer of proof, the issue's relevance is not ascertainable by the court. *State v. Whiteaker*, 499 S.W.2d 412, 417–418 (Mo.1973), *cert. denied*, 415 U.S. 949, 94 S.Ct. 1472, 39 L.Ed.2d 565 (1974); *State v. Turnbull*, 403 S.W.2d 570, 572 (Mo. 1966). Moreover, there was no foundation concerning the officer's familiarity with, or expertise in, the communications aspect of police work. Indeed, the officer's next response at least impliedly denied any ability to answer the excluded question. No error appears.

■ A motion to suppress any in-court identification of defendant by the victim was filed prior to trial, but later withdrawn by the defense counsel now representing defendant on appeal. The victim's identification of defendant at trial passed without objection and was not challenged in the motion for new trial. However, defendant's final point urges review of the question under Rule 27.20(c), V.A.M.R. The substance of the allegation before this court lies in the testimony of the victim, albeit somewhat equivocal, that of the six photographs shown to her during the police investigation, only that of appellant was in color. The six photos were introduced at trial and are before this court. All of them are black and white.

Counsel for defendant, based on the equivocal testimony of the victim as to the "color" photograph of the defendant, asserts charges of serious misconduct in "substitution of pictures." Presumably, the charges are made against the prosecutor and police. There is no basis within the record for any such charges and no basis whatever for attacking the identification of the defendant upon such a spurious ground.

The entire record relating to the identification has been reviewed, and it appears that the witness' independent source of identification was considerable. She was with defendant for nearly an hour, during which time she viewed her assailant in close proximity. Occasionally the scene was very well lighted. The witness testified that by reason of her vocation as a cosmetologist, she is in the habit of paying close attention to bone structure, hair and facial features. Her identification was consistent and unwavering throughout all the evidence. Her testimony was in large part supported by independent testimony. Appellant's third contention is, therefore, also denied.

Judgment affirmed.

All concur.