**STATE of Missouri, Plaintiff-Respondent,**

v.

**Michael J. MICHALSKI, Defendant-Appellant.**

No. 50759.

Missouri Court of Appeals, Eastern District, Division One.

Jan. 27, 1987.

Motion for Rehearing and/or Transfer Denied March 11, 1987.

Donald L. Wolff, Clayton, for defendant-appellant.

William L. Webster, Atty. Gen., Stephen D. Hawke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

SATZ, Presiding Judge.

Defendant was convicted by a jury of burglary, second degree, 569.170, RSMo. 1978, and was sentenced to twelve years imprisonment. We affirm.

Defendant's counsel on appeal was not his trial counsel. Defendant's counsel on appeal must take the record as he finds it and so must we. Defendant makes no complaint about the sufficiency of the evidence. He complains about two evidentiary rulings of the trial court.

In December, 1984, defendant and an accomplice drove to the home of the victim. They tried the front door and found it locked. They then went to the back of the house and broke a basement window. The accomplice entered the house through the broken window.

These events were viewed by Douglas Michael and Margaret Prater, his mother, from their house across the street. Prater called the police, and an officer Poeschel and his partner responded to the call. When Poeschel arrived, defendant came out of the house and told Poeschel he was there to "take care of the dog". The officers entered the house and found the victim's stereo equipment piled by the front door. A search of the house revealed the accomplice hiding in the basement. Defendant and his accomplice were arrested.

Marijuana and narcotics paraphernalia were found in the victim's house and confiscated by the police. Prior to trial, the state filed a motion in limine to exclude any evidence of the marijuana and paraphernalia. At the pretrial hearing on the motion, defendant stated the victim had testified at a preliminary hearing that he had neither marijuana nor paraphernalia in his house. Based upon the victim's alleged testimony, defendant argued that at trial he should be permitted to ask the victim about this marijuana and paraphernalia. This inquiry, defendant argued, would be a proper attack on the victim's credibility. Defendant made his argument more specific by an offer of proof. He stated: (1) he would ask the victim if there were drugs and paraphernalia in his house before he left it; (2) the victim would answer: "No"; and (3) the police would testify they found marijuana and narcotics paraphernalia in the house. This evidence, defendant argued, would attack the victim's credibility in two ways. First, the victim denied having the contraband the police said they found. Second, defendant told the police he was in the victim's house "legitimately", i.e. with the victim's consent. Defendant predicted, however, the victim would testify he did not give his consent. The reason for this denial of consent, the defendant would argue at trial, was the victim wanted to establish a burglary took place and the burglar put the marijuana and paraphernalia in the house. The trial court granted the state's motion in limine.

After the victim's testimony at trial, defendant, in effect, requested the court to permit him to question the victim about the marijuana and paraphernalia. To support his request, defendant argued the state had asked the victim whether anything was missing from his house when he returned and, thus, "opened the door" to questions about the absence of the marijuana and paraphernalia. In addition, defendant raised the same arguments he had previously made in opposition to the state's motion in limine. The court denied this request and let stand its ruling on the state's motion in limine.

On appeal, defendant again argues he was improperly precluded from attacking the victim's credibility. Defendant's specif-

ic argument is neither clear nor explicit.[1] Apparently, defendant argues he was improperly precluded from showing the victim was a liar and had a motivation to lie. Defendant's argument is not persuasive.

Defendant's "offers of proof" were, at best, questionable. The victim's testimony at the preliminary hearing was never formally before the trial court nor did defendant establish the victim's "anticipated" denial of the drug and paraphernalia in the form of questions and answers under oath. The victim, after all, was a hostile witness in so far as defendant was concerned. The trial court could sensibly construe defendant's bald predictions of the victim's testimony as mere speculation. *See City of Kansas City v. Johnson,* 679 S.W.2d 328, 331–332 (Mo.App.1984).

More important, the presence or absence of drugs and narcotic paraphernalia in the victim's house is an issue collateral to the issues of the burglary charge. The trial court has broad discretion in controlling impeachment by cross-examination on collateral issues of fact. *State v. Lynch,* 528 S.W.2d 454, 458 (Mo.App.1975). *See also, State v. Johnson,* 700 S.W.2d 815, 817 (Mo. banc 1985); *State v. Sullivan,* 553 S.W.2d 510, 514 (Mo.App.1977). Defendant's proposed inquiries were, in effect, an attempt to attack the victim's credibility using alleged criminal activity of the victim, even though there was no showing the victim had been convicted or even arrested for a crime. Here the probability of prejudice to the state clearly outweighed the possible value to defendant as reflected in defendant's rather weak and contrived arguments. Thus, the trial court's rulings are well within its discretion. *E.g. State v. Lynch, supra.*

Admittedly, under certain circumstances, our courts have held a witness may be asked questions concerning whether he admitted committing a specific crime, even though he may not be asked whether or not

he has ever been arrested for or charged with a crime. *State v. Foster,* 349 S.W.2d 922, 925 (Mo.1961); *State v. Williams,* 492 S.W.2d 1, 6 (Mo.App.1973). However, without reciting the specific facts of those cases, and others like them, those cases are clearly distinguishable from the present case. Those cases simply demonstrate that control of this type of inquiry is within the trial court's broad discretion. *E.g. State v. Lynch, supra* at 457–458.

Defendant also argues he was prevented from determining whether any promise of leniency was made to the victim in return for his testimony. Defendant never made this argument before the trial court. He cannot fault the trial court for failing to divine an argument never made to it. *E.g. State v. Harris,* 620 S.W.2d 349, 356 (Mo. banc. 1981). Thus, defendant did not preserve this issue for appeal. *See e.g. State v. Davis,* 515 S.W.2d 773, 775 (Mo. App.1974).

Judgment affirmed.

CRIST and KELLY, JJ., concur.

---

1. Defendant argues:
    "The purpose of the prevented cross-examination would have been to demonstrate to the jury that [the victim's] testimony as to whether or not he had given [defendant] permission to en-

ter his premises may not have been entirely reliable in the light of his anticipated testimony regarding drugs and paraphernalia at his residence."