**STATE of Missouri, Plaintiff–Respondent,**

v.

**Gary Lee BARNETT, Defendant–Appellant.**

**No. 70980.**

Supreme Court of Missouri, En Banc.

March 14, 1989.

Rehearing Denied April 18, 1989.

Jim Lynn, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Patrick King, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

ALMON H. MAUS, Special Judge.

An amended information charged that defendant, Gary Lee Barnett, committed the class C felony of tampering in the first degree in that he knowingly possessed an automobile without the consent of the owner thereof. § 569.080. In a jury-waived trial, the court found him guilty and assessed his punishment at imprisonment for three years. The Court of Appeals, Western District, affirmed. This Court granted transfer to consider an issue of general importance. It is decided as an original appeal. Mo. Const. art V, § 10. The conviction is affirmed.

By his sole point on appeal, the defendant questions the sufficiency of the evidence to support his conviction. The essence of the testimony of the owner of the automobile was to the following effect. She was driving her 1976 Mercury in North Kansas City. She was accompanied by two friends. The Mercury overheated, stalled and would not start. She and her friends pushed the Mercury onto the shoulder. A passing motorist almost immediately gave them a ride to their destination. The owner could not remember if she locked the Mercury. She did take her keys. She told a police officer the hood was down.

About three hours later, the owner and her husband went to the scene to see if the Mercury was locked. When they arrived, she saw the defendant and one Norman Hall in her car. Two police officers were there. The officers removed the men from the car and took them to the police station.

One of the police officers testified as follows. He was on patrol about 2:45 a.m. He observed the Mercury. The defendant was standing in front of the car, the hood was open. The defendant "had his right hand perched on top of the hood, working, looking underneath the hood." Norman Hall was in the passenger seat, passed out. In response to a question of the officer, the defendant said he was "broke down." The defendant said that the car belonged to Bob Johnson and that Johnson asked the defendant to come to the scene and fix it. The officer then asked the men to get back in the automobile while he checked their identification through the computer. About this time the owner arrived.

The defendant gave a statement at the police station. In that statement he said he met a man and a woman in a bar. The man's name was Steve Johnson but he did not know the woman's name. The couple gave the defendant and Norman Hall a ride to another bar. In route the car broke down. The couple left to get help. He remained to attempt to fix the car.

The defendant also testified. His testimony was much the same as his statement. He identified the owner of the vehicle as the woman whom he accompanied in the Mercury. However, he testified that after using the latch he raised the hood of the Mercury to shield himself from view while he urinated. When the officer arrived he slammed the hood down and walked to meet the officer.

As stated, the defendant contends the evidence is insufficient to support his conviction. He argues the evidence shows only that he was standing by a disabled automobile and does not show he was in substantial possession of it.

The finding of guilt by the trial court has the force and effect of a verdict of a jury. Rule 27.01(b). The trial court resolved conflicts in the evidence and determined the credibility of witnesses. *State v. Isom*, 660 S.W.2d 739 (Mo.App.1983).

In determining the sufficiency of the evidence in a criminal case after a verdict of guilty, the Court accepts as true all evidence in the record tending to prove the defendant's guilt together with inferences favorable to the State that can be reasonably drawn therefrom, and the court disregards all contrary evidence and inferences.

*State v. Giffin*, 640 S.W.2d 128, 130 (Mo. 1982). "The ultimate question for the trial

and reviewing courts is whether the record, ..., contains 'substantial evidence' supporting each essential element of the offense charged." *State v. Munson*, 714 S.W.2d 515, 521 (Mo. banc 1986).

When the evidence is viewed in accordance with those rules, it is obvious the trial court had the right to, and did, reject the defendant's exculpatory explanation. It is equally apparent the following inferences are reasonably drawn from the evidence. The owner of the disabled Mercury left it with the doors shut and the hood down. The defendant and Norman Hall came upon the disabled Mercury. The defendant opened the passenger door and placed Norman Hall in the passenger seat. He then opened the driver's door and pulled the hood release. He went to the front of the car and raised the hood. When the officers arrived, the defendant was trying to start the automobile to use it for his own purpose.

Nevertheless, the defendant insists the evidence does not establish the element of "possesses" as that term is used in § 569.080.1(2).

The relevant provisions of § 569.080.1 are: "A person commits the crime of tampering in the first degree if: ... (2) He knowingly receives, *possesses*, sells, alters, defaces, destroys or unlawfully operates an automobile, airplane, motorcycle, motorboat or other motor-propelled vehicle without the consent of the owner thereof." (emphasis added). The term "possesses" as used in that section is not defined by statute. However, there can be no doubt the terms "possess" or "possession" are frequently used terms which in ordinary usage have acquired a commonly understood meaning in respect to a relationship with personal property. *Kramer v. United States*, 408 F.2d 837 (8th Cir.1969); LaFave and Scott, 1 Substantive Criminal Law § 3.2(e) (1986).

Webster's International Dictionary gives the legal definition of possession as '[o]ne who has physical control of the thing and holds it for himself.' All the definitions contained in recognized law dictionaries indicate that the element of custody and control is involved in the term 'possession.' ...

In Webster's Third New International Dictionary, the words are defined: 'Possess' means 'to take into one's possession;' 'seize or gain control of;' 'to enter into and influence powerfully or control.' 'Possession' means 'something owned, occupied or controlled;' 'the act or condition of having in or taking into one's control or holding at one's disposal.' *State v. Virdure*, 371 S.W.2d 196, 199 (Mo. 1963) (citations omitted).

However, the context of a statute or the application of a statute to a factual situation may cause such a definition to be inadequate or inappropriate. Those factors may require an amplified or a contracted definition. "Possess, Possessed, or Possession. [The term is subject to more than one definition, depending upon the statute and the facts of the particular case, such as actual or constructive possession, sole or joint possession, etc. ....]" MAI–CR 3d 333.00.

The following are examples of such modified definitions.

The law recognizes two kinds of possession: actual possession and constructive possession. A person who knowingly has direct physical control over a thing, at a given time, is then in actual possession of it.

A person who, although not in actual possession, knowingly has both the power and the intention, at a given time, to exercise dominion or control over a thing, either directly or through another person or persons, is then in constructive possession of it.

The law recognizes also that possession may be sole or joint. If one person alone has actual or constructive possession of a thing, possession is sole. If two or more persons share actual or constructive possession of a thing, possession is joint.

You may find that the element of possession as that term is used in these instructions is present if you find beyond reasonable doubt that the defendant had

actual or constructive possession, either alone or jointly with others.

1 Devitt and Blackmar, Federal Jury Practice and Instructions 16.07 (3rd ed. 1977).

[Possessed and possessing.] Means having the actual control, care, and management of something to the exclusion of persons other than the possessor or possessors and the possession is not a mere passing control, fleeting and shadowy in its nature. In order to prove the alleged offense the evidence need not show actual physical possession on the part of the defendant. It is not necessary to prove ownership in order to prove possession and more than one person can be in possession at the same time.

*State v. Dethrow,* 674 S.W.2d 546, 551 (Mo. App.1984).

'Possession' as that term is used in these instructions, and in its legal sense, means knowingly having the actual control and dominion of the narcotics to the exclusion of others, and not a mere passing control fleeting and shadowy in its nature. However, it is not necessary to establish ownership in order to establish possession. Furthermore, it is sufficient if the thing possessed is either carried on his person or is in his presence and custody if the possession is immediate, accessible and exclusive to him, (provided, however, that two or more persons may have joint possession of a narcotic if jointly and knowingly they have the dominion, control and exclusive possession described.)

*State v. Sledge,* 471 S.W.2d 256, 260 (Mo. 1971). *Also see State v. Norris,* 460 S.W.2d 672 (Mo. banc 1970).

By noting the above definitions this Court does not mean to approve them as pattern or model definitions of the term "possesses" as used in § 569.080.1(2) or any other statute. They are cited to demonstrate that all such definitions cited to or independently examined by this Court include the act of a person exercising physical control or dominion over the object for himself.

■ It is not necessary for the resolution of this case to formulate an all-encompassing definition of "possesses" as used in § 569.080.1(2). By reason of the statutory elements of the offense defined by that section, the term cannot include ownership of the motor-propelled vehicle. The term is to be construed in relation to the other associated terms of the section. Sutherland Statutory Construction § 47.16 (4th ed. 1984 Revision). The associated word "operates" makes it clear a person does not have to operate or drive the motor-propelled vehicle to possess it. The obvious size of a motor-propelled vehicle has a bearing upon the manner in which it must be possessed to commit the offense proscribed in § 569.080.1(2). *State v. Cobb,* 444 S.W.2d 408 (Mo. banc 1969). As used in that section, the term "possesses" includes the act of a person exercising physical control or dominion over a motor propelled vehicle for himself. The evidence establishes this was precisely what the defendant was doing. There was substantial evidence to support the determination of guilt. The judgment is affirmed.

BILLINGS, C.J., and BLACKMAR, WELLIVER, ROBERTSON, RENDLEN and HIGGINS, JJ., concur.

COVINGTON, J., not sitting.