**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Robert Lee SCHAEFFER,
Defendant–Appellant.**

No. 53294.

Missouri Court of Appeals,
Eastern District,
Division Two.

May 16, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 7, 1989.

Case Transferred to Supreme Court Aug. 1, 1989.

Case Retransferred to Court of Appeals Jan. 16, 1990.

Original Opinion Reinstated Feb. 1, 1990.

Robert S. Adler, John D. Dwyer, Jr., St. Louis, for defendant-appellant.

William L. Webster, Atty. Gen., William J. Surft, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

GARY M. GAERTNER, Judge.

Defendant, Robert Lee Schaeffer, appeals his conviction by a jury for voluntary manslaughter, in violation of RSMo § 565.023 (1986). He was sentenced to seven years imprisonment. Defendant raises eleven issues on appeal. However, we need only address the first point on appeal as it is dispositive. Defendant argues the trial court erred in failing to dismiss the indictment as it was defective, and erred in allowing the State to file an information in lieu of the indictment without a preliminary hearing; that neither the indictment or the information conferred jurisdiction on the trial court. Finding defendant's contention to be meritorious we vacate the judgment and sentence.

The evidence adduced at trial shows defendant was employed as an attendant at a video arcade at Lambert Airport on March 30, 1986. The victim and three companions went there to play video games late in the evening of March 30, 1986. Earlier on March 30, 1986, during the late afternoon and early evening hours, these four individuals, two men and two women, had gone to Forest Park where they consumed an undetermined amount of alcoholic beverages. Eventually during the evening they decided to go to Lambert Airport to play video games. While the individuals were at the Lambert Airport video arcade, defendant told them loitering was not allowed and asked them to leave. Defendant specifically said to the victim, "[D]on't act your color." (The defendant, the victim, and the three companions were black.) When they did not leave, defendant informed them that he intended to call for assistance in order to have them removed. Defendant proceeded to walk away from the group and into the video arcade's office. Defendant next exited the office and came over to the group. Defendant testified that

upon approaching the group, he heard the statement, "Get your s___ man, get your s___." There was testimony that this statement is street language for "get your weapon." (Although later the police searched for a weapon, none was found.) Defendant at this point stabbed the victim. Defendant used a kitchen knife which was kept in the office for game room attendants to use to unjam the video machines. The victim was five feet four inches tall and weighed one-hundred twenty-eight pounds; defendant is six feet tall and weighs two-hundred twenty pounds. Defendant is a fifty-two year old man with no prior convictions and a seemingly stable home and work life. Defendant was charged with second degree murder. At trial, defendant presented the defense of self-defense but was convicted of voluntary manslaughter.

 Defendant alleges the trial court lacked jurisdiction because of defects in the relevant charging documents. For, "[a] sufficient indictment or information is an indispensable prerequisite to a valid verdict, judgment and sentence." *State v. Hasler*, 449 S.W.2d 881, 884 (Mo.App., E.D. 1969). The original charging document, the grand jury's indictment, purported to charge defendant with second degree murder but failed to allege defendant acted "knowingly," which is a statutorily prescribed element of second degree murder. Defendant objected to the indictment at the pretrial hearing and requested that the State return to the grand jury in order to obtain an indictment stating defendant had acted knowingly. The State instead sought to file an information in lieu of the indictment, which information provided defendant had acted knowingly. The following exchange took place:

Defense Counsel: [M]y quarrel is the Grand Jury, who has determined what proper charge, did not determine to charge him with Murder. [The State] is filing an Amended Information without that proper cause determination.

The Court: What happened, of course, is he left a word out. The Prosecutor prepared it and I do not see there is any problem, *unless you are not prepared to try it on the Murder Second charge.*

Defense Counsel: *I am not claiming I am not prepared to try it.* [emphasis added]

Missouri Supreme Court Rule 23.11 provides, "No indictment or information shall be invalid … because of any defect therein which does not prejudice the substantial rights of the defendant." *See also* RSMo § 545.030.1(18) (1986). The State asserts that the above quoted passage demonstrates defendant was not prejudiced by the indictment's omission of the term "knowingly" and that, thus, under Rule 23.11, the indictment conferred jurisdiction. We disagree. An indictment is insufficient if it does not contain all the essential elements of a crime. *See State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983). The lack of an essential element of the crime renders an indictment void, thus precluding the application of Rule 23.11. The indictment in the present case failed to state that defendant acted knowingly, an essential element of second degree murder. The purpose of the requirement that an indictment must state all the essential elements of the crime charged is to protect the due process rights of a defendant *and* to provide a basis for the court's subject matter jurisdiction. *Id.* If such elements are missing they cannot be supplied by intendment or by implication. *State v. Brooks*, 507 S.W.2d 375, 376 (Mo.1974).

 The State also refers us to Rule 23.08 which provides, "Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." In the present case, an information was supplied in place of the void indictment; it was not an amended or substitute information because the original indictment was itself void. The new information and charge was sufficient; however, no preliminary hearing was held on the information, in violation of RSMo § 544.250 (1986) which provides:

No prosecuting or circuit attorney in this state shall file any information charging

any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge in the county where the offense is alleged to have been committed in accordance with this chapter .... provided, a preliminary examination shall in no case be required where same is waived by the person charged with the crime, or in any case where an information has been substituted for an indictment as authorized by section 545.300, RSMo.

A preliminary hearing is necessary to determine whether probable cause exists as to a defendant's guilt. *State v. Richardson*, 347 S.W.2d 165, 168–69 (Mo.1961). Defendant did not waive his right to this determination. The conviction and sentence is a nullity and we therefore vacate.

KAROHL, J., and GRIMM, P.J., concur.