**STATE of Missouri,
Plaintiff–Respondent,**

v.

**Richard WILLIAMS,
Defendant–Appellant.**

**No. 57470.**

Missouri Court of Appeals,
Eastern District.
Division Three.

Nov. 27, 1990.

Terrance Niehoff, Michael L. Lyons, Melinda K. Pendergraph, St. Louis, for appellant.

William L. Webster, Atty. Gen., John Gummels, Asst. Atty. Gen., Jefferson City, for respondent.

REINHARD, Presiding Judge.

A jury convicted defendant of six counts of robbery in the first degree (§ 569.020, RSMo.1986). He was found by the court to be a prior, persistent, and class X offender[1], and was sentenced to six concurrent 30 year terms of imprisonment. Defendant appeals; we affirm the conviction and remand for re-sentencing.

Defendant was indicted for six counts of robbery in the first degree, § 569.020, RSMo 1986, and six counts of armed criminal action, § 571.015, RSMo 1986, on January 26, 1989. After filing Substitute Informations the state entered a Memorandum Of Nolle Prosequi and then filed an amend-

---

1. Defendant was charged as a prior and persistent offender under § 558.016, RSMo 1986, and § 558.019, RSMo Cum.Supp.1989, and as a class X offender under § 558.019, RSMo Cum.Supp. 1989. Section 558.016.2 defines a prior offender as "one who has pleaded guilty to or has been found guilty of one felony." Section 558.016.3 defines a persistent offender as "one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." The definitions of prior and persistent offender under § 558.019 are essentially the same. Section 558.019.4(3) defines a class X offender as "one who has previously pleaded guilty to or has been found guilty of three felonies committed at different times." The defendant is subject to enhanced punishment after the court finds beyond a reasonable doubt that the defendant is a prior, persistent, or class X offender under § 558.019, or a persistent offender under § 558.016.

ed information re-charging the robbery counts with the names of the victims specified.

The evidence revealed that defendant committed a series of six robberies in December, 1988, including two on Christmas Eve. In each robbery, defendant displayed a gun, and in three robberies the victims received head injuries. An anonymous tip led to the defendant's arrest. A detective testified that the defendant took the detective to the locations of the robberies, related his actions during each robbery, and admitted to committing them. Eight eyewitnesses identified defendant as the man who committed the robberies, and the state offered defendant's tape recorded confession into evidence. Defendant did not testify at trial and offered no evidence.

Before the submission of the case, and outside the hearing of the jury, the state offered evidence that defendant pleaded guilty to felony armed robbery on April 5, 1976, and two felony counts of burglary committed on January 14, 1986. The jury found defendant guilty on all six counts.

■■■ Defendant claims on appeal that his conviction is void because he did not receive a preliminary hearing required by section 544.250, RSMo 1986. Specifically, defendant argues that the Memorandum Of Nolle Prosequi quashed the indictment, and that the amended information filed concurrently was a new information requiring a second preliminary hearing under 544.250, RSMo 1986.

Defendant's argument ignores the language of the statute which eliminates the requirement for a preliminary hearing when it is waived by the defendant. Section 544.250 provides:

No prosecuting or circuit attorney in this state shall file any information charging any person or persons with any felony, until such person or persons shall first have been accorded the right of a preliminary examination before some associate circuit judge in the county where the offense is alleged to have been committed in accordance with this chapter. . . .

*provided, a preliminary examination shall in no case be required where same is waived by the person charged with the crime*, or in any case where an information has been substituted for an indictment as authorized by Section 545.-300, RSMo. (Emphasis added.)

Defendant made no objection to the absence of a second preliminary hearing prior to or during trial, nor in his Motion For A New Trial. Missouri case law clearly provides that an accused waives his right to object to the absence of a preliminary hearing when the accused proceeds to trial upon a plea of not guilty without an objection at that time. *State v. Wood*, 596 S.W.2d 394,400 (Mo. banc 1980). This is consistent with Supreme Court Rule 24.-04(b)(2), which mandates that the accused waives his right to object to the indictment or information if the objection is not made by motion before trial, except for objections that the indictment or information fails to show jurisdiction or to charge an offense. Defendant's objection does not challenge jurisdiction, as the right to a preliminary hearing is not jurisdictional. *See State v. Richardson*, 347 S.W.2d 165,-169 (Mo.1961), *cert. den.* 372 U.S. 954, 83 S.Ct. 953, 9 L.Ed.2d 978 (1963).

Defendant's reliance upon *State v. Schaeffer*, 782 S.W.2d 68 (Mo.App.1989) is misplaced. In that case, the court noted that before trial the defendant objected to the absence of a preliminary hearing, and as a result did not waive his right. 782 S.W.2d at 70–71. Here, an amended information was filed and the case proceeded to trial without any objection to the lack of a preliminary hearing. This point is without merit.

■■ Defendant also alleges that the trial court erred in sentencing him as a class X offender. Defendant claims that the state failed to produce sufficient evidence that the crimes underlying the prior convictions were "committed at different times," as required by the definition of class X offender, § 558.019.4(3), RSMo Cum.Supp.1989.[2]

---

**2.** Section 558.019, which defines class X offender, requires that prior pleas and findings of

guilty be proven as required by the provisions of § 558.021. § 558.019.5, RSMo Cum.Supp.1989.

Two of the three felonies relied on by the state to support a finding that defendant was a class X offender were charged in the same information. The information charged in Count I that on January 14, 1986, defendant "either acting alone or in concert with another, knowingly entered unlawfully in a building, located on Business 67 in Desloge, Missouri, and possessed by Dunlop Shell, Desloge, Missouri, for the purpose of committing stealing therein." In Count III of the same information it was charged that on January 14, 1986, defendant "entered unlawfully in a building, located on Business 67 in Desloge, Missouri, and possessed by Treasured Times Video, Desloge, Missouri, for the purpose of committing stealing therein." The date of the burglaries was the same and each business was on Highway 67.

The trial court after expressing some reservations, found that the crimes were committed at different times as required under § 558.019.4(3), RSMo 1986. The state supports its position with the statement from *State v. Davis* that "[i]t does not necessarily follow that just because two crimes may have been committed on the same date that they could not have been committed at different times." *State v. Davis*, 611 S.W.2d 384, 386 (Mo.App. 1981). Although this statement is sound, the issue here is whether the evidence presented by the state shows beyond a reasonable doubt that the two offenses occurred at different times. The state says the evidence meets this requirement and supports this contention with the following language from *State v. Leake:* "Where, as in this case, the inference is clear that the previous crimes were committed at different times, the state should not be required to negate every possibility without some evidence by the defendant that the crimes were committed at the same time." *State v. Leake*, 608 S.W.2d 564, 565–566 (Mo.App. 1980).

In *State v. Lee*, 660 S.W.2d 394 (Mo.App. 1983), the Southern District revisited *Leake* and stated that:

> Section 558.021.1(2) requires that the state introduce evidence sufficient to warrant a finding

"the principle from *Leake* must not be taken out of context. It is not to be applied to hold the state has met its burden by proof of any two prior felony convictions. It is applicable where the record by reason of the dates, geography, and nature of the offenses, in the absence of contrary evidence, supports a finding beyond a reasonable doubt the two offenses occurred at different times." 660 S.W.2d at 396.

The record here shows the crimes were committed on the same date and the businesses burglarized were on the same highway. The inference that the two crimes were committed at different times is not clear here, and this court cannot conclude there was proof beyond a reasonable doubt.

Our determination does not require a reversal. The sentence is declared void and the case is remanded to the trial court for the purpose of holding a hearing on the issue of the former convictions. If the evidence reveals that the burglary offenses were committed at different times, the defendant should be re-sentenced as a class X offender; if not, he should be sentenced as a prior and persistent offender.

Affirmed in part and remanded in part.

STEPHAN and CRANE, JJ., concur.

of defendant's sentencing status beyond a reasonable doubt. § 558.021.1(2), RSMo 1986.