**Derrick MOORE, Appellant,**

v.

**Bill ARMONTROUT, Appellee.**

No. 89–2843.

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1990.

Decided March 20, 1991.

Newton G. McCoy, St. Louis, Mo., for appellant.

John P. Pollard, Jefferson City, Mo., for appellee.

Before McMILLIAN, Circuit Judge, ROSS, Senior Circuit Judge, and STUART,* Senior District Judge.

ROSS, Senior Circuit Judge.

Petitioner, Derrick Moore, appeals from an order of the district court[1] denying his petition for a writ of habeas corpus. We affirm.

## I. Facts

On July 19, 1983, petitioner pled guilty in the Circuit Court of St. Louis County to first degree assault, armed criminal action, rape, first degree burglary, first degree tampering, and leaving the scene of an accident. He was sentenced to concurrent sentences, the longest of which were twenty-five years (for rape, armed criminal action and assault). Petitioner is presently incarcerated at the Missouri State Penitentiary in Jefferson City, Missouri.

Petitioner sought post-conviction relief pursuant to Missouri Supreme Court Rule 27.26[2]. Petitioner's amended motion al-

---

* The HONORABLE WILLIAM C. STUART, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

1. The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

2. Missouri Supreme Court Rule 27.26 was repealed, effective January 1, 1988. Post-conviction relief is now available under Rule 29.15.

leged an insufficient factual basis for the guilty plea to first degree tampering. The Missouri hearing court denied petitioner post-conviction relief and the Missouri Court of Appeals affirmed. *Moore v. State,* 755 S.W.2d 646 (Mo.Ct.App.1988).

Petitioner then filed this petition for a writ of habeas corpus. Petitioner challenged his pleas of guilty to first degree tampering and forcible rape, alleging that there was an insufficient factual basis for each charge. The district court, in adopting the findings and recommendations of the magistrate,[3] denied habeas relief. The court found that, under *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), petitioner was procedurally barred from raising the rape issue and that the state court's findings regarding the tampering claim were supported by the record and the court's decision was not clearly erroneous. Petitioner has timely appealed these two issues and also raises an additional issue regarding the factual sufficiency of the guilty plea to the charge of leaving the scene of an accident.

## II. Discussion

### A. *Sufficiency of evidence to support guilty plea to rape charge.*

■ We first point out that petitioner failed to present this issue to the state court, and because of Missouri time limitations it is now too late to do so. Therefore, in order for this court to address this issue on its merits, we must first determine if petitioner can show: (1) "adequate cause to excuse his failure to raise the claim in state court properly," and (2) "actual prejudice to his defense resulting from the state court's failure to address the merits of the claim." *Smittie v. Lockhart,* 843 F.2d 295, 296 (8th Cir.1988).

Petitioner claims that his 27.26 counsel should have raised the issue regarding the insufficient factual basis for the rape

charge at the 27.26 hearing. Petitioner argues that counsel's failure to do so constituted ineffective assistance of counsel and that this is cause sufficient to avoid the procedural bar. The district court rejected this position and held that petitioner would be unable to demonstrate "cause" with his claim of ineffective assistance of 27.26 counsel. However, we note that after the district court made its decision in the present case, this court in *Simmons v. Lockhart,* 915 F.2d 372 (8th Cir.1990), found otherwise. "Lest there be any doubt, we hold that ineffective assistance of post-conviction counsel can be 'cause' for purposes of lifting a procedural bar." *Id.* at 376.

For purposes of the instant case, however, we need not reach the *Simmons'* analysis, as we find that petitioner's 27.26 post-conviction counsel did not act unreasonably. The proper standard by which to measure petitioner's 27.26 counsel is set out in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *See Stokes v. Armontrout,* 851 F.2d 1085, 1092 (8th Cir.1988), *cert. denied,* 488 U.S. 1019, 109 S.Ct. 823, 102 L.Ed.2d 812 (1989) (*Strickland* standard used to examine performance of petitioner's 27.26 counsel). *Strickland* requires petitioner to demonstrate both (1) "professionally unreasonable" conduct by counsel, and (2) a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland, supra,* 466 U.S. at 691, 694, 104 S.Ct. at 2066, 2068. This is a very rigid standard as there has always been a strong presumption of attorney competence. *Id.* at 689, 104 S.Ct. at 2065.

Petitioner argues that he pled guilty to rape, which, in Missouri, requires penetration of the female organ by the male organ.[4] However, the transcript of the guilty plea implies that the penetration element of rape never took place.[5] The tran-

---

3. The Honorable David D. Noce, United States Magistrate for the Eastern District of Missouri.

4. *See* Mo.Rev.Stat. §§ 566.010, 566.030.

5. The following excerpt from the guilty plea hearing describes the factual basis for the peti-

tioner's guilty pleas for the rape, assault, armed criminal action, and burglary:

> Mr. Ellis [Prosecutor]: Yes, Your Honor. In that cause the state's evidence would show that on New Years day, in the early a.m., Shirley Bell was at home watching television

script reads as follows: "He was unable to have sexual intercourse. He did force her to perform an act of sodomy...." (Tr. 12). Petitioner contends that counsel should have recognized that petitioner's actions may have constituted attempted rape or sodomy, but not rape, and therefore counsel was incompetent for failing to raise this factual insufficiency issue at the 27.26 hearing.

We do not agree. We have reviewed the record, including the guilty plea transcript, and note that the state did initially charge petitioner with sodomy but, pursuant to the plea agreement, the state entered an order of nol pros to the sodomy count. In addition, the state agreed not to pursue the issue of petitioner's persistent offender status, also as part of the plea bargain. We find these facts significant. We also note that pursuant to Mo.Rev.Stat. § 566.030(2), forcible rape and attempt of forcible rape are treated similarly for sentencing purposes.[6] Petitioner's 27.26 counsel likely considered these facts when deciding which issues to pursue at the post-conviction hearing. We point out that petitioner is not claiming that counsel who represented him at the guilty plea hearing was ineffective. Rather, he is claiming that his 27.26 counsel was ineffective in his choice of issues to pursue at the post-conviction hearing.

We find that petitioner's 27.26 counsel did not act unreasonably. Counsel did attack the factual basis to petitioner's guilty plea to the tampering charge. The fact that counsel did not raise a similar argument with regard to petitioner's guilty plea

to rape does not make counsel ineffective. As this court recently stated:

> Certainly ... counsel might have chosen to press [the issue] ... and such a choice would have been reasonable. It does not follow that the opposite choice—to drop the issue—was unreasonable. Law is an art, not a science, and many questions that attorneys must decide are questions of judgment and degree.... Lawyers have often been told that it is not good strategy to argue ... every conceivable point contained in a record.

*Simmons, supra,* 915 F.2d at 375.

Keeping this in mind, we find that petitioner's 27.26 counsel acted reasonably in his choice of issues to pursue at the post-conviction hearing. Petitioner has failed to satisfy the first prong of the *Strickland* test and we therefore need not discuss the second prong of that test. *Strickland, supra,* 466 U.S. at 697, 104 S.Ct. at 2069–70.

■ Petitioner next argues that his guilty plea to the rape charge was involuntary under the due process standards set out in *Henderson v. Morgan,* 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In *Henderson,* the defendant was charged with first-degree murder but pled guilty in state court to second-degree murder, even though he was never formally charged with second-degree murder. The *Henderson* defendant later alleged that his guilty plea to second-degree murder was involuntary because he was unaware that intent to cause death was an element of that crime. The Supreme Court agreed

---

in her bedroom and was asleep, fell asleep watching T.V. The defendant broke into the home and she woke up with him standing over her with two knives, one in each hand. He forced her to have—attempted to have sexual intercourse with him. He was unable to have sexual intercourse. He did force her to perform an act of sodomy. He then indicated he would have to destroy the evidence. The state's evidence would show he assaulted the woman with a butcher knife, a telephone receiver and a lamp. The woman was seriously injured. She was taken to the hospital where she was treated. The state's evidence will show that she—the defendant lives across the street from the victim, she identified him and she's known him for some time.

6. Mo.Rev.Stat. § 566.030(2) states:

> Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section ... is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner ... in which cases forcible rape or an attempt to commit forcible rape is a class A felony.

with the defendant and set aside his guilty plea.

The *Henderson* Court's review of the record disclosed that the elements of second-degree murder had never been discussed with the defendant. The Court noted that normally the record will show that counsel or the court explained the nature of the offense and that "it may be appropriate to presume that in most cases defense counsel routinely explain the nature of the offense in sufficient detail to give the accused notice of what he is being asked to admit." *Id.* at 647, 96 S.Ct. at 2258. It is also worth noting that the *Henderson* Court found that defendant had an "unusually low mental capacity." *Id.*

We are not persuaded by petitioner's argument that the present case parallels *Henderson*. Here, petitioner was formally charged with rape. Furthermore, there is no claim before us that relates to petitioner's reduced mental capacity. However, a review of the record reveals the most important distinguishing factor: that petitioner had adequate notice of the nature of the charges brought against him. During the guilty plea hearing, the court read the charges to petitioner and the prosecutor recited the factual situations surrounding the charges. Petitioner responded affirmatively when asked if he had discussed the charges with his attorney, if he was satisfied that his attorney had all the necessary facts to give adequate advice, if he had enough time to discuss the charges with his attorney, if he had been advised of his legal rights, if he was satisfied with the services of his attorney, and if he understood the consequences of a guilty plea and the range of punishment for the crimes to which he was pleading guilty.

We have previously refused to interpret *Henderson* broadly and we refuse to do so here. *See Wabasha v. Solem,* 694 F.2d 155, 158 (8th Cir.1982); *United States v. Nieuwsma,* 779 F.2d 1359, 1362 (8th Cir. 1985); *Gregory v. Solem,* 774 F.2d 309, 314–15 (8th Cir.1985), *cert. denied,* 475 U.S. 1088, 106 S.Ct. 1475, 89 L.Ed.2d 730 (1986). We can apply the same language from *Gregory, supra* to the facts of the present case:

> *Henderson* is easily distinguished from the facts now before us. As Justice Stevens pointed out, the facts in *Henderson* were 'unique' because the state trial judge 'found as a fact that the element of intent was not explained to the respondent.' ... Here, petitioner was charged from the beginning with [rape] and the state court made a specific finding of fact that the nature of the offense was fully understood by [petitioner]. The *Henderson* presumption that counsel explained the nature of the charge to the defendant lends strong support to that finding.

*Gregory, supra,* 774 F.2d at 315.

Because petitioner has failed to satisfy the *Strickland* test discussed above, and because we are confident that petitioner's plea was completely voluntary, we affirm the decision of the district court and deny petitioner habeas corpus relief on this ground.

B. *Sufficiency of evidence to support guilty plea to tampering.*

■ Petitioner claims that his guilty plea to the tampering charge is also unconstitutional because of an inadequate factual basis. The factual basis for this plea as recited by the prosecutor was as follows:

> Mr. Ellis [Prosecutor]: In that case, Your Honor, the police officer was investigating a leaving the scene of an accident. He saw a car which matched the description of one of the cars involved and a police chase began, lasted approximately one mile, at which point the vehicle went out of control and crashed into a garage. The state's evidence would show the defendant was in that vehicle; that the car had previously been stolen in the city; that he was not authorized to use the vehicle and that he then left the scene of the accident after he crashed into the garage on foot.

Tr. p. 13.

The factual findings of the Missouri court are entitled to a presumption of cor-

rectness. *Crespo v. Armontrout,* 818 F.2d 684, 686 (8th Cir.), *cert. denied,* 484 U.S. 978, 108 S.Ct. 492, 98 L.Ed.2d 490 (1987). In Missouri, a person commits the crime of tampering in the first degree if he "knowingly receives, possesses, sells, alters, defaces, destroys or unlawfully operates an automobile ... without the consent of the owner thereof." Mo.Rev.Stat. § 569.080.1(2). Recently, the Missouri Supreme Court gave this statute a broad reading in *State v. Barnett,* 767 S.W.2d 38, 40–41 (Mo.1989) (en banc).

The statutory language, when examined with the facts set out by the prosecutor during the guilty plea hearing, clearly established a sufficient factual basis for the tampering plea. We therefore affirm the decision of the district court and deny petitioner habeas corpus relief on this ground.

C. *Sufficiency of evidence to support guilty plea to leaving the scene of an accident.*

Petitioner contends that the plea to the leaving the scene of an accident charge was involuntary and lacked an adequate factual basis. Petitioner also admits that he failed to raise this issue before the district court. "As a general rule failure to present an issue to the district court precludes appellate consideration of that issue." *Warden v. Wyrick,* 770 F.2d 112, 114 (8th Cir.), *cert. denied,* 474 U.S. 1035, 106 S.Ct. 600, 88 L.Ed.2d 579 (1985). We note that there are exceptions to this rule, including some cases "where injustice might otherwise result." *Ryder v. Morris,* 752 F.2d 327, 332 (8th Cir.), *cert. denied,* 471 U.S. 1126, 105 S.Ct. 2660, 86 L.Ed.2d 276 (1985). We find no such exception to apply in the present case and therefore do not consider this issue on appeal.

III. Conclusion

We deny the petition for habeas corpus relief. The decision of the district court is affirmed.