**STATE of Missouri,**
**Plaintiff/Respondent,**

v.

**Leonard HESTER, Defendant/Appellant.**

**No. 59901.**

Missouri Court of Appeals,
Eastern District,
Division Four.

May 5, 1992.

Emmett D. Queener, Columbia, for defendant/appellant.

William L. Webster, Atty. Gen., Robert Alan Kelly, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

After a jury trial, the court sentenced defendant, Leonard Hester, to serve concurrent six year terms and pay fines on Counts I and III, both of which charged sale of marijuana in violation of § 195.211 RSMo Cum.Supp.1991. Count I involved sales on January 12, and 13, 1990, to James Ferrari. Count III involved a sale on February 2, 1990, to James Ferrari. The court entered a judgment of acquittal on Count II after finding state failed to make a submissible case.

Defendant's first claim of error is an attack on the trial court's subject matter jurisdiction to hear Counts I and III. He argues the original information failed to state a crime and amendments to those counts on the date of a trial setting were unauthorized because they were an at-

tempt to amend a nullity. A trial began on October 22, 1990. On that day, the prosecutor amended the information by interlineation over defendant's objection. After the voir dire but before the jury was sworn, the court sustained a motion for continuance at the joint request of the parties. The prosecutor indicated an inclination "to dismiss this case without prejudice and immediately refile it, have the defendant re-arrested, and probably go through the process of another preliminary hearing and another arraignment and setting." Before dismissing the voir dire panel, the parties cooperated with the court to select a future trial date. The case was re-set on December 19, 1990.

Between October 22, 1990, and December 19, 1990, no change occurred. The trial on December 19, 1990, was conducted on the three counts which were amended by interlineation on October 22, 1990. Counts I and III of the original information are substantially the same. Count I alleged:

### INFORMATION

### COUNT I

The Prosecuting Attorney of the County of Osage, State of Missouri, charges that the defendant, in violation of Section 195.211, RSMo, committed the class B felony of sale of marijuana, a controlled substance, punishable upon conviction under Section 558.011.2, RSMo, in that on the 12th and 13th day of January, 1990, in the County of Osage, State of Missouri, the defendant knowingly sold a controlled substance, to wit: marijuana.

The interlineation amendments to this count involved changing class B felony to a class C felony, changing Section 558.011.2 to read Section 558.011.3 and adding 560.-011. The same changes were made on Count III.

■ Defendant's claim of error depends upon whether the original charge stated a crime, any crime. An indictment or information is insufficient if it does not contain all the essential elements of a crime. *State v. Gilmore*, 650 S.W.2d 627, 628 (Mo. banc 1983); *State v. Schaeffer*,

782 S.W.2d 68, 70 (Mo.App.1989). The lack of an essential element renders an indictment or information void, *Schaeffer*, 782 S.W.2d at 70, and does not confer subject matter jurisdiction on the court. *Gilmore*, 650 S.W.2d at 628.

■ We find the original information stated a crime, sale of marijuana, a class C felony. The information was defective because it expressly mentioned a B, not a C felony, and referred to punishment for a B, not a C felony. Section 195.211.1 RSMo Cum.Supp.1991 defines the crime of sale of marijuana, a controlled substance. The information as filed alleged sale of a controlled substance, to wit: marijuana. The charge did not contain an essential allegation for a class B felony that the quantity of marijuana sold exceeded five grams. Section 195.211.2 RSMo Cum.Supp.1991. However, § 195.211.1 defines the crime without reference to quantity and § 195.-211.3 provides a punishment for a sale if the element of quantity is not contained in the charge. Accordingly, the amendment allowed on October 19, 1990, clarified an existing charge, removed an ambiguity, and added the proper punishment.

The amendment was authorized by Rule 23.08. It did not charge a different or additional offense or prejudice defendant's rights. The result of the amendment was to alter the available punishment for the substantive offense, sale of marijuana, which was charged in the original information. The restriction in Rule 23.08 on amendments not charging different or additional offenses has been interpreted not to prevent an amendment altering available punishment. *See State v. Thornhill*, 770 S.W.2d 701, 702 (Mo.App.1989). Understandably, defendant does not claim the preliminary hearing granted on the original information involved any crime other than sale of marijuana without reference to quantity, a class C felony.

Obviously, the information as amended did not change defendant's defense or evidence. The only change which occurred was a reduction and limitation on punishment. Here, no prejudice was possible where there was no claim of surprise. On

the contrary, the case was continued after the amendment was made, the parties were permitted to prepare the case for trial and the case was tried on the amended information without renewal of the motion to dismiss based upon the claim of a void amendment. Point denied.

■ Defendant's two other claims of error are offered in support of a request for new trial. He claims the state failed to make a submissible case on Counts I and II and, therefore, that the court erred in submitting verdict directing instructions on those counts. He contends the state's evidence was not sufficient to meet the burden to prove a sale beyond a reasonable doubt because the same evidence was equally probative of a purchase. This argument is directed only at Counts I and II. The court cured any error in this regard with respect to Count II when it entered a judgment defendant was not guilty of the charge after a guilty verdict.

This claim of error has no merit when the evidence offered by the state in support of Count I is considered as true, after affording the state all reasonable inferences from the evidence, and defendant's contrary evidence is disregarded. That is the proper review. *State v. Barnett,* 767 S.W.2d 38, 39 (Mo. banc 1989). The jury was entitled to believe the testimony of James Ferrari that on the occasion charged in Count I: (1) he was acting as a police officer; (2) he searched the residence of Dwayne Wolfe before defendant arrived; (3) there was no marijuana in the bathroom before defendant arrived; (4) defendant came to the residence and immediately went to Wolfe's bathroom; (5) after defendant left the bathroom, he pointed to the bathroom area and left; and (6) marijuana was then found in the bathroom. Defendant was present for less than five minutes. During that time, Wolfe was at all times within sight of Ferrari. After defendant left Ferrari found two, quarter-ounce bags of marijuana in the bathroom. The next day Ferrari gave Wolfe money to be delivered to defendant in payment for two, thirty-five dollar bags of marijuana.

This evidence supports a finding defendant sold marijuana on the occasion charged. The evidence was wholly consistent with the state's theory that defendant was a seller, not a purchaser of marijuana, as charged in Count I. If believed, the state's evidence was "inconsistent with any reasonable theory of defendant's innocence." *See State v. Rodden,* 728 S.W.2d 212, 213 (Mo. banc 1987). Accordingly, this claim of error is denied.

■ Defendant's final claim of error is also without merit. Defendant contends the court erred in not permitting defendant to play a tape recording of a conversation involving defendant and the arresting officer which the arresting officer made after arrest. Defendant argues the recording was relevant and material on the issue of the witness's bias and prejudice and motive for a pretextual arrest. Defendant claims the arresting officer targeted defendant in order to obtain incriminating evidence about other law enforcement officers. Particularly, he claims the court erred in refusing to permit the tape recording to be played as a sanction for failure of defendant to comply with discovery rules. We review in terms of the trial court's broad discretion with regard to the rejection or admission of evidence. *State v. Brown,* 718 S.W.2d 493 (Mo. banc 1986). We have recognized and applied this standard particularly in the case of cross-examination in collateral issues for purposes of impeachment. *State v. Michalski,* 725 S.W.2d 620, 622 (Mo. banc 1987).

For a number of reasons, our review of this claim of error is hampered. Defendant chose not to inform the trial court how defendant and his counsel came to have a copy of a recording which defendant claims was made by law enforcement authorities. Counsel informed the court he obtained the copy "through my client. I don't feel comfortable revealing anything beyond that." Defendant never presented a foundation for reliability of the tape nor made a formal offer of proof to support use of the tape recording in cross-examining the arresting officer. For these reasons there was no abuse of discretion in refusing a request to play the tape before the jury.

The court had the benefit of hearing the tape outside the hearing of the jury and the use of a transcript. The arresting officer testified after the arrest defendant made an incriminating statement, "what can I say, you got me?" Defendant used the transcript of the conversation on the tape in a thorough cross-examination of the arresting officer. Defendant effectively obtained a concession from the witness that defendant's incriminating statement was made "after explaining that he hadn't sold marijuana, but that he just let the guy know where he could get marijuana——."

Under these circumstances we find no abuse of discretion in denying defendant a special use of the tape recording. Defendant had the transcript as a substitute and the ruling of the trial court did not deny defendant an opportunity to have the benefit of the content of the tape recording. Neither the trial court nor this court can review any additional need or use of the tape without evidence of a foundation and an offer indicating the scope and need of use of the tape recording itself. Point denied.

Judgment of conviction is affirmed.

SMITH, P.J., and AHRENS, J., concur.